**LOEW'S, Inc. v. MARTIN et al.**

**RKO RADIO PICTURES, Inc. v. MARTIN et al.**

**PARAMOUNT PICTURES, Inc. v. MARTIN et al.**

**TWENTIETH CENTURY FOX FILM CORPORATION v. MARTIN et al.**

Civ. Nos. 26439–26442.

United States District Court
N. D. Ohio, E. D.

Dec. 6, 1949.

On Objections to Order Feb. 14, 1950.

Luther Day, Thomas M. Harman, Cleveland, Ohio, John S. Pyke, Cleveland, Ohio, for plaintiffs Loew's Inc. and RKO Radio Pictures, Inc.

Luther Day, Cleveland, Ohio, Sargoy & Stein, New York City, for plaintiffs Paramount Pictures, Inc., and Twentieth Century Fox Film Corporation.

Romweber & Romweber, Richard J. Romweber, Akron, Ohio, for defendants.

JONES, Chief Judge.

These are motions to dismiss because of lack of jurisdiction.

Involved are four actions with different plaintiffs but the same defendants. Plaintiffs are motion picture distributors and defendants operate the Dayton Theater in Akron, Ohio. Films were licensed by plaintiffs to defendants on a percentage of gross admissions or a flat rate basis. The percentage return allegedly served as the basis for the flat rate license. Plaintiffs allege that defendants defrauded and conspired to defraud plaintiffs to their damage by falsifying the gross admissions on percentage rentals. This in turn caused plaintiffs to license pictures at a lower flat rate than they would have if the true gross admissions on the percentage licenses had been known to them. Plaintiffs further alleged that the exact amount of damages is not known to them but they believe the amount is in excess of $3,000. Plaintiff also asks for exemplary damages.

Defendants' motions to dismiss are based on the facts that plaintiffs admit they do not know the total damages and there is no showing by plaintiffs that the damages do exceed $3,000. Plaintiffs respond by an affidavit of one of their attorneys.

When the jurisdictional amount is denied by a motion to dismiss the plaintiffs have the burden of showing that the necessary amount is involved. This can be done by affidavit. KVOS, Inc., v. Associated Press, 299 U.S. 269–277, 57 S.Ct. 197, 81 L.Ed. 183. This case also holds that the formal allegation of the amount in litigation is sufficient unless the complaint contains other allegations which qualify or detract the formal allegation in such measure that when all are considered together it cannot fairly be said that jurisdiction appears on the face of the complaint.

In this action the formal allegation of the jurisdictional amount appears. Also appearing is the admission that plaintiffs do not know the exact amount of the damages. This admission of lack of knowledge of the exact amount in controversy does not detract from the formal allegation of jurisdictional amount, if plaintiffs had good cause to believe the damage would exceed $3,000. If good cause exists this Court has jurisdiction.

The affidavits of the plaintiffs in my opinion show good cause to believe that the required jurisdictional amount is involved and this Court, therefore, has jurisdiction. In an exactly similar case the same result was reached. See Columbia Picture Corp. v. Rogers, D.C., 81 F.Supp. 580.

The motions to dismiss must be overruled.

Plaintiffs have also filed motions to produce documents. Since there is no opposition to these motions by defendants, they will be granted.

Due to inadequacy of judicial assistance, oral argument cannot be granted.

On Objections to Order for Production of Documents and on Motion for a More Definite Statement of the Complaint

These are actions for damages arising out of an alleged conspiracy to defraud plaintiffs.

Plaintiffs originally filed a motion for production of certain documents in the possession of defendants there being no opposition, plaintiffs' motion for production was sustained. However, one of the defendants died after the actions were commenced but before the order for production was entered. Thereafter, the administratrix of the deceased defendant was made a substituted defendant. This defendant, with the consent of this Court, now has entered objections to the order for production of documents as it applies to her and also moves for a more definite statement of the complaint.

In her objections to the discovery of documents and records, defendant has entered practically every objection permitted by Rule 34, Federal Rules of Civil Procedure, 28 U.S.C.A. Production should be denied, it is claimed, because the documents are not sufficiently designated, because they are not relevant to the issues in the case, and because good cause for production has not been shown.

The first two objections have little merit. It is obvious from a reading of the complaint alone that the documents and records requested will contain relevant evidence. Furthermore, the documents are

designated with enough particularity. This Court, in G. & P. Amusement Co. v. Regent Theater Corp., D.C., 9 F.R.D. 721, held that only the specific subject matter of the documents need be designated and this has been done by the plaintiffs in this action.

In the Amusement Company case that issue was also before the Court and it was held, if the information desired could be obtained only from documents in the possession of the defendants and these documents contained relevant evidence or would facilitate proof or progress at trial, a showing of good cause had been made. In this case it is clear that the information in the documents is relevant and that such information only can be had by discovery of the requested documents. Good cause, therefore, has been shown.

The motion for production of documents will be sustained with but one exception. Plaintiffs ask for production of defendants' income tax returns and papers dealing with such returns. It is the policy of this division of the Court to overrule requests for production of income tax returns for the reasons given, in the case of O'Connell v. Olson & Ugelstadt, D.C., 10 F.R.D. 142. The order for production then will not include provisions for the production of income tax returns.

In considering the motion for a more definite statement it should be noted that plaintiffs have agreed to amend their complaints to show the time when the fraud was discovered. This is a material allegation and plaintiffs will be ordered to amend their complaints to show this date.

In the disposition of the balance of the motion the Makinson cases, (Loew's Inc., v. Makinson), D.C., 10 F.R.D. 36, recently decided by this Court are controlling. Essentially the same complaints and the same objections are found in the Makinson cases as are presented by this motion. It was held there that the granting of the motion would enlarge the complaint to proportions beyond those contemplated by Rule 8(a) which provides for a short and plain statement of plaintiff's claim, and that the allegations of fraud were detailed with

enough particularity to inform defendants of what the plaintiffs claimed was fraudulent conduct. That ruling applies to this case and the motion therefore will be overruled.

The Court realizes of course that defendants must have the information they wish, produced by motion for a definite statement. Since full discovery of defendants' books, documents and records has been granted to the plaintiffs, it would seem, once discovery has been completed, that the plaintiffs should inform defendants of the facts upon which they will rely. If this is not done defendants still may have recourse to the rules of discovery, and if plaintiffs refuse to disclose the facts which they discover, the Court will order full discovery to the defendants under Rules 26–37.