**MADDOX v. WRIGHT et al.**

Civ. No. 5102.

United States District Court
District of Columbia.

March 18, 1952.

See also, D.C., 11 F.R.D. 170.

———◆———

Marie Flynn Maddox, Luther R. Maddox, Washington, D. C., for plaintiff.

Chase & Rubin, James J. Laughlin, Dickson R. Loos, Washington, D. C., for defendants.

YOUNGDAHL, District Judge.

There is authority in certain District Courts for the production of income tax returns. Reeves v. Pennsylvania Railroad Co., D.C., 80 F.Supp. 107; Paramount Film Distributing Corp. v. Ram, D.C., 91 F.Supp. 778. There is also authority to the contrary.

In O'Connell v. Olsen & Ugelstadt, 10 F.R.D. 142, 143, Chief Judge Jones of the United States District Court for the Northern District of Ohio, said the following concerning this issue:

"The Internal Revenue Code, 26 U.S.C.A. § 55, and regulations issued thereunder provide that tax returns shall be confidential and disclosed only upon application of the plaintiff or his attorney in fact. No provision is made for the production of such returns upon order of a Federal Court. Until such provision is made, this section of the Court has been and is of the opinion that such returns are, in private civil actions, confidential information between the taxpayer and the Government and should not be open to inspection under Rule 34, Federal Rules of Civil Procedure, 28 U.S.C.A. Such a ruling is in accord with previous holdings that documents which have been declared confidential by Federal department rulings are not open to discovery under Rule 34. 2 Moore's Federal Practice 2641, F.N. 1.

"Such a ruling will have no serious consequences as the information desired can be obtained by intelligent use of other discovery procedure."

I am in accord with the doctrine expressed in this statement. It is my conviction that until the Congress declares otherwise, to require the production of income tax returns in private civil actions would open the door to innumerable abuses. The Court is of the opinion moreover that aggressive and intelligent use of other discovery procedure will disclose the desired information sought to be obtained by the production of the income tax returns.

Ordered that the motion to vacate the subpoena duces tecum requiring the production of the income tax returns, Nos. 2 and 3 in the subpoena, is hereby granted, and the motion to vacate requiring the production of bank statements and deposit slips, No. 1 in the subpoena, is hereby denied.