Sal MARESCA et al., Relators,

v.

William MARKS et al., Respondents.

No. A–9090.

Supreme Court of Texas.

Nov. 21, 1962.

Potash, Cameron, Bernat & Studdard, El Paso, for relators.

Scott, Hulse, Marshall & Feuille, El Paso, for respondents.

STEAKLEY, Justice.

Relators are Sal Maresca and Herbert Keller, individually, Desert Hills Restaurant, Inc., and Golden Door, Inc. Respondents are William Marks and Honorable David Mulcahy, District Judge. Relators employed respondent William Marks as manager of Desert Hills Restaurant, Inc., and Golden Door, Inc., in El Paso. He was to be paid a salary of $150.00 weekly plus 3% of the net profits. He remained in such employment from June 20, 1961, until October 17, 1961, and thereafter sued relators for 3% of the net profits during

the period of his employment, for his traveling expenses in moving from New York to El Paso, for the reasonable value of the use of his automobile during the period of employment, and for exemplary damages for fraud and deceit.

By motion pursuant to the provisions of Rule 167, Texas Rules of Civil Procedure, respondent Marks sought an order of the trial court requiring relators to produce copies of the personal federal income tax returns of the individual relators and their wives for the years 1960 and 1961, and of the income tax reports filed by the corporate relators for the fiscal years ending October 31, 1960, and October 31, 1961, for inspection and copying or photographing by respondent. The individual relators are the president and vice president of the two corporations.

After hearing of the motion the trial judge ordered the entire income tax returns of all relators submitted to respondent for inspection and copying. The order recites that the trial judge "examined" all the returns "in order to determine what part of such returns, if any, were material and relevant to this cause * * * and thereupon concluded that, pursuant to the motion and pleadings, and matters of record before this court, the entire income tax returns in question constitute material evidence relative to the matters alleged and raised in this cause. * * *."

Relators thereupon initiated this original mandamus proceeding seeking relief from the discovery order. Copies of the income tax returns in question are included with relators' petition for writ of mandamus, an examination of which discloses that certain portions are irrelevant to the matters in dispute between the parties as shown in the pleadings.

Relators' position is that the income tax returns list private information regarding charitable contributions, interest paid, real estate and other taxes paid, medical expenses, casualty loss, interest income and other matters which are totally irrelevant

and immaterial and beyond the scope of the discovery proceeding. Respondent Marks in his reply to the petition for writ of mandamus takes the position that "the fact that such instruments may contain inconsequential matters, such as charitable contributions, medical expenses and casualty loss, is not sufficient to show an unreasonable invasion of private rights in this case or an abuse of discretion on the part of the trial court for which a writ of mandamus should issue." In oral argument, counsel for respondent Marks acknowledged that there are no pleadings under which such facts contained in the income tax reports would have relevancy or materiality in his suit against relators but insisted that they are inconsequential.

We thus have the narrow but difficult question of whether the order of the trial judge requiring disclosure and exposure of information contained in income tax returns which is immaterial and irrelevant to the cause in which discovery is sought is a clear abuse of discretion for correction of which the writ of mandamus may issue.

The problem was considered by this court in Crane v. Tunks, 160 Tex. 182, 328 S.W.2d 434, and it was held that income tax returns are not wholly privileged documents but are subject to discovery to the extent of relevancy and materiality which must be shown. It was further held that the trial judge abused his discretion "On failing to examine the income tax return and to separate the relevant and material parts from the irrelevant and immaterial parts." The concurring opinion pointed out that the discovery procedure clearly does not authorize the examination and reproduction of information of a highly personal and private nature not relevant and material to the issues; that since certain information in the income tax return there under review was not relevant and material, it was a clear abuse of discretion to order delivery of the entire return for examination and reproduction; and that "[m]ere inspection or examination of the return" by

the trial judge before ordering it delivered "could not make it any less so." In Neville v. Brewster, Tex., 352 S.W.2d 449, 451, we said that "[i]t was incumbent upon the court to exclude those matters which were irrelevant and yet afford to the adversary all information that might be relevant and material to his cause of action."

■ The assumption is implicit in the opinions of this court that a trial judge will discriminate in ordering discovery between information disclosed by income tax returns which is relevant and material to the matters in controversy and information which is not. The protection of privacy is of fundamental—indeed, of constitutional—importance. Subjecting federal income tax returns of our citizens to discovery is sustainable only because the pursuit of justice between litigants outweighs protection of their privacy. But sacrifice of the latter should be kept to the minimum, and this requires scrupulous limitation of discovery to information furthering justice between the parties which, in turn, can only be information of relevancy and materiality to the matters in controversy.

■ It is self-evident that the maximum protection of privacy is unattainable if trial courts do not exercise their discretion to safeguard from discovery those portions of income tax returns which are irrelevant and immaterial, and it is our view that failure to exercise such discretion is arbitrary action. A litigant so subjected to an invasion of his privacy has a clear legal right to an extraordinary remedy since there can be no relief on appeal; privacy once broken by the inspection and copying of income tax returns by an adversary cannot be retrieved. We said in Wallace v. Briggs, 162 Tex. 485, 348 S.W.2d 523, 527: "This being an interlocutory order from which no appeal will lie the petitioner's only remedy is by way of writ of mandamus. In a similar situation we have issued writs of mandamus where it appears that the trial judge in entering interlocutory orders has abused his discretion. Crane et al. v. Tunks, [160], Tex. [182], 328

S.W.2d 434; Womack v. Berry, 156 Tex. 44, 291 S.W.2d 677; Southern Bag & Burlap Co. v. Boyd, 120 Tex. 418, 38 S.W.2d 565."

■ We therefore hold that the trial judge abused his discretion in ordering relators to produce for respondent's inspection and copying their entire income tax returns for the years in question, without separation of the relevant and material parts from the irrelevant and immaterial parts thereof.

We fully recognize, as said in the concurring opinion in Crane v. Tunks, that we cannot by writ of mandamus supervise the exercise of discretion by a trial judge in his rulings on the relevancy and materiality of information contained in income tax returns. We can, and should, however, afford extraordinary relief when no discretion has been exercised, i. e., when the order of the trial judge does not separate for protection against discovery those portions of income tax returns plainly irrelevant and immaterial to the matters in controversy.

The operation of the order under review has been held in abeyance pending our action. We are certain that it will be succeeded by an order consistent with the views we have expressed and that it will be unnecessary for a writ of mandamus to issue at this time.

WALKER, Justice (dissenting).

While I agree that certain portions of the individual income tax returns are irrelevant and should not be disclosed to Marks, it is my opinion that we should tell the district judge exactly what he will be mandamused to do in the event he fails to do it. He has examined the returns and in the exercise of his judicial discretion has determined that they constitute evidence material to the matters alleged and raised in the cause. It also is clear that Marks is entitled to inspect and copy the corporate tax returns and possibly some parts of the individual returns. The district judge abused his discretion in cer-

tain respects, but the discovery order is not wholly void.

The order must be presumed valid for the purpose of this mandamus proceeding, and the burden is upon relators to show which portions of the returns do not contain evidence material to any matter involved in the case. To the extent that they have discharged this burden, we should point out in the opinion, and in the writ of mandamus if issued, the manner in which the discovery order should be modified. This practice, which has been followed in the past, insures that a proper order will be entered promptly, and thus enables the parties to complete their investigation and bring the litigation to an early conclusion. See Southern Bag & Burlap Co. v. Boyd, 120 Tex. 418, 38 S.W. 2d 565.

Here the Court says only that the trial judge abused his discretion in ordering relators to produce the entire returns, and then expresses confidence that an order consistent with the views stated in the opinion will be entered. The opinion does not purport, however, to indicate all of the different parts of the returns that are immaterial. This falls somewhat short of discharging what I regard as the responsibility of the Supreme Court in a proceeding of this nature.

After the district judge has determined in the first instance that certain documents are subject to discovery and we decide to control the exercise of his discretion by mandamus, both the judge and the parties are entitled to have this Court state clearly and explicitly the papers or parts thereof which the moving party should not be permitted to examine. It is entirely possible that the judge in this case will enter another order which eliminates some but not all immaterial portions of the individual returns. Relators could then ask leave to file another mandamus proceeding, and under the practice that is established by the majority opinion the judge would be instructed to try again. Marks might also establish his right to similar relief if the second order denied discovery of information that is material.

A case could thus bounce back and forth like a rubber ball between the district court and the Supreme Court until by a process of trial and error the judge finally enters an order that is consistent with our secret views. While that may not occur in the present case, the precedent established here is not conducive to the prompt and efficient administration of justice. I would specify the portions of the individual returns which are not subject to discovery.

GRIFFIN, J., joins in this dissent.

SMITH, Justice (dissenting).

I respectfully dissent. While a mandamus might properly be invoked to compel a proper means of exercising ministerial duties under certain facts similar to those established in Crane v. Tunks, 160 Tex. 182, 328 S.W.2d 434, such as to compel an inspection, such remedy is not available to compel the Trial Court Judge to exercise its discretion in any particular manner or way. King v. Guerra, Tex.Civ.App., 1 S.W.2d 373 (1927), wr. ref. March 7, 1928.

This court will not and should not issue writs of mandamus to control or revise the exercise of discretion by trial courts in the performance of purely judicial as distinguished from ministerial acts. Iley v. Hughes, 158 Tex. 362, 311 S.W.2d 648, and cases therein cited. No clear right has been shown authorizing the granting of the writ of mandamus. This court is not vested with general supervisory power over the District Courts, but its original jurisdiction is limited to that conferred by definite constitutional provisions and statutes enacted thereunder. Article 5, Section 3 of the Constitution of Texas, Vernon's Ann.St.; Article 1733, Vernon's Texas Civil Statutes; Yett v. Cook, 115 Tex. 175, 268 S.W. 715, 281 S.W. 843; State Board of Insurance v. Betts, 158 Tex. 83, 308 S.W.2d 846. In this latter case, this court said that *if an exercise of judicial discretion by the District Judge be involved, this court may not assert its original jurisdiction to enforce its own judgment, even*

*though the action of the district judge may have been improvident or otherwise erroneous.*

In the case at bar, the motion for production of documents was heard and considered by the Court. The Court's judgment recites that all parties were before the Court; that the Court

"* * * heard the arguments of counsel in considering all matters raised pursuant to such motion and placed the motion under advisement by the Court and reviewed the pleadings, depositions and all matters of record in this cause and examined the joint income tax returns of Mr. and Mrs. Salvador Maresca for the years 1960 and 1961, the joint income tax returns of Mr. and Mrs. Herbert Keller filed for the years 1960 and 1961 and the corporate income tax returns filed on behalf of the District Hills Restaurant, Inc. and the Golden Door, Inc. * * * in order to determine what part of such returns, if any, were material and relevant to this cause before requiring defendants to produce such returns * * * for examination * * *; and thereupon concluded that pursuant to the motion, pleadings, evidence and matters of record before this court, *the entire income tax returns in question constitute material evidence relative to the matters alleged and raised in this cause for the determination of a jury and are within the possession, custody and control of the defendants and their attorney of record.*"

The Court's judgment was entered granting the plaintiff permission to inspect and copy the documents, personal income tax returns, etc. Unless a clear right has been shown authorizing the granting of the writ of mandamus, such writ must be denied. No showing has been made by the Relators that any part of the income tax returns were not material. There is no indication that the Court's order is void. Rule 167, T.R.C.P., provides for the inspection and copying of documents, etc. "which constitute or contain evidence material to any matter *involved in the action.*" See concurring opinion in Crane v. Tunks, supra.

Does this court have the power to substitute its judgment, after reviewing the evidence, depositions and all matters of record, for the judgment and decision of the Trial Court and control the discretion of the Trial Court by a writ of mandamus? I say not. In the case of Turner v. Pruitt (1961), 161 Tex. 532, 535, 342 S.W.2d 422, 423, this court said that:

"writs of mandamus issue to control the conduct of an officer of government, judicial or administrative, only when the duty to do the act commanded is clear and definite and involves the exercise of no discretion—that is, when the act is ministerial. * * * [T]he many cases in which writs of mandamus have issued from this court requiring or compelling the doing of a particular act because the duty of the judge was clear and ministerial and did not involve the exercise of discretion. See * * * Crane v. Tunks, [160] Tex. [182], 328 S.W.2d 434 * * *."

In the majority opinion in the case of Crane v. Tunks, supra, the Court stated:

"Relators complain of the order of the respondent, Judge Tunks, requiring the 1950 income tax return to be delivered in its entirety to the respondent and his counsel for examination, inspection and copying or reproduction. We hold that under the facts of the present case, it was the duty of the trial judge to examine the income tax return sought by the applicant for the bill of discovery to ascertain what parts of it are material and relevant to the main cause, and so word this order as to require only such portion, or such portions to be delivered to respondent for his discovery. * * *

"In the main we think the court's order for discovery was a correct one.

Under the facts and circumstances of this case we do not hold that the trial judge abused his discretion in issuing his order of November 5, 1958. We do hold that the trial judge abused his discretion in ordering an inspection of Mrs. Crane's 1950 income tax return in its entirety, and without the judge inspecting the return so as to determine what portions were relevant and material to this cause."

The Relators in the Crane v. Tunks case did not contend that their income tax returns were privileged documents and not subject to a bill of discovery. Relators argued in their briefs in the Crane v. Tunks case that there was "respectable" authority in other jurisdictions to the effect that such returns are privileged and that their disclosure cannot be compelled.[1] However, Relators made it clear that they were making no such extreme claim of privilege. On this point, Relators said:

"All that we maintain is that the party seeking to examine and copy such returns is still required to show that they contain evidence material and relevant to his pleaded cause of action before the Court is authorized to invade, as to (but only as to) the relevant and material portions thereof, the constitutional rights of privacy of the maker of the returns."

The Court in the Crane v. Tunks case said that the "writ may issue in a proper case to correct a clear abuse of discretion." There has been no showing of a clear abuse of discretion on the part of the trial court in the instant case. On the other hand, the trial court proceeded in accordance with the rule announced in both the majority and concurring opinions in the Crane v. Tunks case. The trial court in the instant case has deemed that all of the involved income tax returns are "relevant and material to the issues in the main cause." The trial court in the instant case did precisely as this court directed the trial court to proceed in the Crane v. Tunks case. I agree with the Court here in its observation that "[t]he protection of privacy is of fundamental— indeed, of constitutional importance." However, I maintain that the Relator's right of privacy has been protected exactly in accordance with the standards set by this court in the Crane v. Tunks case.

According to the trial court's judgment in the instant case, all of the requisites of a bill of discovery have been met. This court apparently is basing its holding that the trial court abused its discretion on the theory that as a matter of law the portion of the income tax return which shows contributions, etc. could not possibly be material; and, therefore, the order of the trial court constitutes an invasion of privacy. The trial court has reached the opposite conclusion. This court has not examined the admissions, depositions, etc. We are not to speculate on what the facts might be, neither are we to determine fact issues. How can we substitute our views for those of the trial court? It is entirely possible that the contributions are highly material. Suppose for example, that the evidence would show that Relators unlawfully drained the corporation of assets and showed in his income tax return

1. "There is respectable authority to the effect that such returns are privileged and their disclosure cannot be compelled. Peterson v. Peterson, 70 S.Dak. 385, 17 N.W.2d 920; O'Connell v. Olsen & Ugelstadt, (N.D.Ohio 1949), 10 F.R.D. 142; Loew's, Inc. v. Martin, (N.D.Ohio 1949), 10 F.R.D. 143; Mattox [Maddox] v. Wright, 103 F.Supp. 400 (D.C.1952); United Motion Theater Co. v. Ealand, 199 F.2d 371 (6th Cir. 1952). There is also authority to the contrary, particularly where the party whose returns are sought has in some manner put his income in issue. Connecticut Importing Co. v. Continental Distillers [Distilling] Corp., (D.Conn.1940), 1 F.R.D. 190; Reeves v. Pennsylvania R. R. Co., (D.Del. 1948), 80 F.Supp. 107. The pertinent authorities, and the relevant considerations to be taken into account by the Courts in various fact situations are well set forth in a note in Vol. 18, p. 149 of the University of Pittsburgh Law Review."

such funds as personal contributions when, in fact, such contributions were the funds of the corporation. Marks sued for 3% of the net profits of the corporation during the period of employment. In this case, the trial court undoubtedly concluded that Marks might be materially injured if he were not permitted to ascertain the source of such contributions. This court has no power and never in the past has it exercised the power to limit the discretionary power of a trial judge on the ancillary proceedings for production of designated instruments.

Relator's petition for writ of mandamus should be refused.

HAMILTON, J., joins in this dissent.