H. Anne WIELGOSZ, Administratrix of the Estate of Stanley F. Wielgosz, Jr., et al., Relators,

v.

Honorable Richard W. MILLARD, Judge of the 152nd District Court of Harris County, et al., Respondents.

No. A14–84–342CV.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 27, 1984.

Philip M. Shafer, Houston, for relators.

John Michael Webb, Bruce R. Hardesty, Webb, Zimmerman, Flaum & Svetlik, Houston, for respondents.

Before J. CURTISS BROWN, C.J., and DRAUGHN and CANNON, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This is an original mandamus proceeding filed under TEX.REV.CIV.STAT.ANN. art. 1824 (Vernon Supp.1984). Relator, H. Anne Wielgosz, in her individual capacity and as Administratrix of the Estate of Stanley F. Wielgosz, Deceased, seeks the writ to require the Honorable Richard W. Millard, Judge of the 152nd Judicial District Court of Harris County, to vacate his discovery order of April 13, 1984. This order requires Relator to supply documents regarding both the personal and professional financial affairs of Relator and her deceased husband, Stanley Wielgosz, from 1978 to 1983.

We will summarize the facts of this case for clarity. In May 1982, Respondent, Seaboard Surety Company, filed suit in the district court of Harris County against Re-

lator as Administratrix of the Estate of Stanley Wielgosz, Jr., Mobile Hydraulic Company, Metro Ford Truck Sales and Allied Cypress Bank. Respondent alleged that Stanley Wielgosz was general manager of Tri-W Rentals, a division of the W.W. Williams Company,[1] from mid-1979 until his death in mid-1981, and that during the time he was employed as general manager he embezzled $176,214 from the Tri-W Rentals division.

In November 1982, Seaboard amended its petition to include Relator as a defendant in her individual capacity, alleging that she conspired with her husband to take the funds and "has continued to conceal the existence of such funds and to convert them to her own use and benefit." Subsequent to this amendment, Relator filed a plea to the jurisdiction in both capacities, alleging that exclusive jurisdiction over the parties was in Harris County Probate Court Number Two where the administration of Stanley Wielgosz's estate was pending. The district court sustained Relator's plea and dismissed the suit against her, both individually and as Administratrix. Respondent then filed an original petition in Probate Court Number Two against Relator, *but only in her individual capacity*. The probate court sustained Relator's plea to the jurisdiction and dismissed the suit, stating that the cause of action as alleged by Respondent against Relator was not incident to, nor did it pertain to, the Estate of Stanley Wielgosz, Jr. On May 23, 1983, Respondent filed a motion in the district court asking for reinstatement of its suit against Relator, *individually*. On June 21, 1983, the court set aside the dismissal and ordered the reinstatement of Relator as a defendant, *both individually and as Administratrix of her husband's estate*. In June 1983, Respondent served Relator with a request for production of documents to which Relator objected. Following a hearing on the matter, Judge Millard ordered production of the documents requested by Respondent. Relator now brings this

1. ... Seaboard Surety Company brought suit as      the insurer of the W.W. WILLIAMS COMPANY.

mandamus action, complaining of Judge Millard's order.

Relator first argues that the district court has no subject matter jurisdiction over the cause against Relator as Administratrix of her husband's estate or individually because exclusive jurisdiction of this cause rests in the probate court. We find it unnecessary to determine whether the district court would have had jurisdiction over Relator in her capacity as Administratrix. After dismissal in the probate court, Respondent filed its Motion for Rehearing, asking the district court to "rescind, revoke and set aside the Order of Dismissal previously entered in this cause and that the cause of action of Plaintiff *against H. Anne Wielgosz, Individually* be reinstated and enter its further *order that H. Anne Wielgosz, Individually* will, henceforth be treated as a Defendant in this action ...." However, the trial court in reinstating the cause, ordered "H. Anne Wielgosz, Administratrix of the Estate of Stanley F. Wielgosz, Jr. and H. Anne Wielgosz, Individually ... reinstated as party defendants in this cause of action ...."

▮ As a general rule, a trial court may not grant relief which is not supported by the pleadings, and a judgment not supported by the pleadings is improper. *Hubbard v. Lagow*, 576 S.W.2d 163 (Tex.Civ. App.—Austin 1979, writ ref'd n.r.e.); *Crozier v. Horne Children Maintenance and Educational Trust*, 597 S.W.2d 418 (Tex. Civ.App.—San Antonio 1980, writ ref'd n.r. e.); *Harry Hines Medical Center, Ltd. v. Wilson*, 656 S.W.2d 598 (Tex.App.—Dallas 1983, no writ); TEX.R.CIV.P. 301. Since there were no pleadings to support the reinstatement of Relator as Administratrix, the trial court was without authority to enter such an order. In light of this circumstance, we do not find it necessary to further address an issue which calls into question this Court's jurisdiction. It is, therefore, left for us to determine whether the district court has jurisdiction over Relator, *individually*, in this cause of action. In its Second Amended Original Petition, Respondent alleged the following:

As such, Mrs. Wielgosz knowingly and wrongfully engaged in a conspiracy with her now deceased husband to defraud and conceal from the Plaintiff sums rightfully belonging to it and has continued to conceal the existence of such funds and to convert them to her own use and benefit. The Inventory and Appraisement filed by Mrs. Wielgosz as Administratrix fails to list Wielgosz' community interest in said funds or their proceeds as property of the Wielgosz' estate. It is alleged by Plaintiff that Mrs. Wielgosz does not consider the funds withdrawn from said account as community property and accordingly, those funds must be considered by Mrs. Wielgosz as her separate property. These funds have been converted to the personal benefit of H. Anne Wielgosz by the said H. Anne Wielgosz.. Plaintiff herein sues H. Anne Wielgosz for the return of the sums of money wrongfully taken from W.W. Williams Co. by H. Anne Wielgosz and converted to her own benefit which amount is in excess of $176,000.00.

▮ Without addressing the merits of the case, we believe the allegations set out above are sufficient to establish Respondent's right to maintain its cause of action against Relator, individually, in district court, separate and apart from any claims incident to or appertaining to the estate of her deceased husband. Despite the fact the administration of the estate is currently pending in Probate Court Number Two of Harris County, we do not feel the matter before us is exclusively within the province of that court. *See Pullen v. Swanson*, 667 S.W.2d 359 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.); TEX.PROB. CODE ANN. § 5 and § 5A (Vernon 1980).

▮ Relator further argues that even if the district court had jurisdiction to hear the case, she cannot be compelled to produce the documents demanded by Relator because to do so would violate her Fifth Amendment privilege against self-incrimination. We disagree. The Fifth Amendment is not violated solely because certain

documents, on their face, might be incriminating. The privilege protects a person only against being incriminated by his *own compelled testimonial communications. United States v. Doe,* —— U.S. ——, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984); *Fisher v. United States,* 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976). However, this privilege is limited to prohibiting the use of physical or moral compulsion exerted on the person asserting the privilege. *Fisher,* 425 U.S. at 397, 96 S.Ct. at 1574. If the ingredient of personal compulsion against the accused is lacking there is no such privilege. *Couch v. United States,* 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973). Therefore, documents belonging to or prepared by others are not protected, even if they contain incriminating matters. *Fisher,* 425 U.S. at 408, 96 S.Ct. at 1579. Further, in *United States v. Doe,* 104 S.Ct. at 1241–1242, the Supreme Court held that where the preparation of business records is voluntary, a demand for production of such documents does not compel oral testimony nor does it compel a party to "restate, repeat, or affirm the truth of their contents." *Id.*

The documents sought by Respondent include: (1) documents belonging to or about the deceased; (2) documents prepared by others, such as bank records, invoices, receipts; (3) business records (including corporate and partnership tax returns); and (4) Relator's individual tax returns, personal financial statements, and records of household accounts. In view of the authorities cited above, the first three categories of documents are clearly not privileged, and Relator cannot refuse to produce them based on a claim of self-incrimination.

We must now examine the fourth category set out above which relates to documents prepared personally (or under her immediate supervision) by Relator. In Texas, income tax returns are subject to discovery to the extent of relevancy and materiality by the party seeking discovery and as determined by the court. *Maresca v. Marks,* 362 S.W.2d 299 (Tex.1962);

*Crane v. Tunks,* 160 Tex. 182, 328 S.W.2d 434 (1959). However, it is the duty of the trial judge to personally examine the returns and to segregate the relevant from the irrelevant portions of same before making such information available to the moving party. *Maresca,* 362 S.W.2d at 300–301. The Court in *Maresca* stated:

> The assumption is implicit in the opinions of this court that a trial judge will discriminate in ordering discovery between information disclosed by income tax returns which is relevant and material to the matters in controversy and information which is not. The protection of privacy is of fundamental—indeed, of constitutional—importance. Subjecting federal income tax returns of our citizens to discovery is sustainable only because the pursuit of justice between litigants outweighs protection of their privacy. But sacrifice of the latter should be kept to the minimum, and this requires scrupulous limitation of discovery to information furthering justice between the parties which, in turn, can only be information of relevancy and materiality to the matters in controversy. *Id.* at 301.

We see no reason to exclude Relator's other personal financial records, such as her financial statements and records of household accounts from similar considerations.

We therefore hold Judge Millard abused his discretion in ordering Relator to produce her entire tax returns, financial statements, and personal household records without examining them and separating the relevant parts from the irrelevant. As stated in *Maresca,* 362 S.W.2d at 301, it is not this court's function to supervise the trial judge in exercising his discretion in his rulings on relevancy and materiality. However, we should grant extraordinary relief when *no* discretion has been exercised, as in the case before us.

We feel certain the trial judge will act in a manner consistent with this opinion and that it will be unnecessary for a writ of mandamus to issue at this time. However, in the event he fails to do so, a writ will

issue to insure compliance with this opinion.