Opinion issued March 14, 2006














    



In The
Court of Appeals
For The
First District of Texas




NO. 01-06-00014-CV




IN RE ELIZABETH WOOD, Relator




Original Proceeding on Petition for Writ of Mandamus




MEMORANDUM OPINION
          The underlying suit is an action by paternal grandparents for visitation of their
grandchildren, pursuant to section 153.433 of the Texas Family Code, the “Texas
Grandparent Access Statute.”


 Relator, Elizabeth Wood, mother to minor children
M.W. and R.W., has denied the real parties in interest, Gary and Freda Wood (“the
Grandparents”), any access to the children. Elizabeth seeks mandamus relief from 
the trial court’s


 order (1) appointing an attorney ad litem; (2) compelling a social
study; (3) compelling mental examinations; and (4) compelling Elizabeth to answer
certain discovery.
          Elizabeth raises five issues. Specifically, as to her first, second, and third
issues, Elizabeth contends that, in this suit for grandparent access to a child pursuant
to Texas Family Code section 153.433,


 it was a violation of her 14th Amendment
due process rights and, therefore, an abuse of discretion for the trial court to have (1)
appointed an attorney ad litem without a motion, evidence, or hearing on the matter;
(2) compelled a social study that involved Elizabeth; and (3) compelled mental
examinations without evidence of necessity. In her fourth issue, Elizabeth contends
that the trial court abused its discretion in compelling her to answer interrogatories
and requests for production that had no relevance to the visitation issue before the
court. In her fifth issue, Elizabeth contends that Family Code section 153.433 is
unconstitutionally vague because it fails to give notice of the meaning of “significant
impairment” of a child’s “physical health” and “emotional well-being.”
          As to the trial court’s order compelling Elizabeth to respond to certain
discovery, we conditionally grant mandamus relief. As to all other issues presented,
Elizabeth has not shown that she is entitled to mandamus relief, and, therefore, we
deny relief. 
Facts In 1999, the Grandparents’ son, David Wood, married Elizabeth and formally
adopted Elizabeth’s two-year-old daughter, M.W. In 2000, David and Elizabeth had
a son, R.W. David, Elizabeth, and the children lived with the Grandparents in the
Grandparents’ home for a while, then moved into a separate house on the
Grandparents’ land. The Grandparents maintained a close relationship with the
children and assisted in their financial support.
          In June 2002, David was killed in an automobile accident. Shortly thereafter,
Elizabeth’s relationship with the Grandparents deteriorated to the point that Elizabeth
denied the Grandparents any further access to the children. Elizabeth explained that
allowing the children to visit the Grandparents had become inconvenient and that the
Grandparents were intrusive with regard to Elizabeth’s parenting style.
          In March 2004, the Grandparents sued Elizabeth for access to the children,
seeking one weekend of visitation per month. Elizabeth opposed any and all
visitation on the grounds that it was an unconstitutional infringement on her rights as
a parent to govern her children, relying on Troxel v. Granville, 530 U.S. 57, 120 S.
Ct. 2054 (2000). On March 16, 2005, the trial court ordered that an attorney ad litem
be appointed to represent the interests of the children. On November 14, 2005, the
trial court ordered a social study of the condition and circumstances of the children
and of the Grandparents’ home. In addition, the trial court ordered that all parties
submit to mental examinations. On December 14, 2005, the trial court ordered
Elizabeth to answer certain interrogatories and to produce certain documents as
requested by the Grandparents. It is from all four orders that Elizabeth seeks
mandamus relief. 
Standard of Review
          A party is entitled to mandamus relief if a trial court violates a legal duty or
abuses its discretion, and the party has no adequate remedy by appeal. Walker v.
Packer, 827 S.W.2d 833, 839–40 (Tex. 1992); In re Taylor, 113 S.W.3d 385, 392
(Tex. App.—Houston [1st Dist.] 2003, orig. proceeding). A trial court abuses its
discretion if “it reaches a decision so arbitrary and unreasonable as to amount to a
clear and prejudicial error of law.” Walker, 827 S.W.2d at 839; see In re Taylor, 113
S.W.3d at 389. With respect to factual issues, matters are committed to the trial
court’s discretion and the reviewing court may not substitute its judgment for that of
the trial court. Walker, 827 S.W.2d at 839. The Elizabeth must establish that the trial
court reasonably could have reached only one decision. Id. at 840. With respect to
the trial court’s determination of legal principles, review is much less deferential. Id. 
A trial court has no discretion to determine what the law is or how to apply the law. 
Id. A clear failure by the trial court to analyze or to apply the law correctly
constitutes an abuse of discretion and may result in the issuance of an extraordinary
writ. Id. An order compelling discovery that exceeds the proper bounds is subject
to mandamus review. In re Am. Optical Corp., 988 S.W.2d 711, 714 (Tex. 1998).Compelling Discovery 
          In her fourth issue, Elizabeth challenges the trial court’s order that she answer
certain interrogatories and produce certain documents on the grounds that the
information sought is patently irrelevant to the issues to be resolved in a grandparent-access suit.  
          Texas Family Code section 153.433, a means by which grandparents may sue
for possession of or access to grandchildren, provides as follows, in pertinent part:
The court shall order reasonable possession of or access to a grandchild
by a grandparent if:
          (1)     at the time the relief is requested, at least one biological or
adoptive parent of the child has not had that parent’s parental
rights terminated;
          (2)     the grandparent requesting possession of or access to the child
overcomes the presumption that a parent acts in the best interest
of the parent’s child by proving by a preponderance of the
evidence that denial of possession of or access to the child would
significantly impair the child’s physical health or emotional well-being; and
          (3)     the grandparent requesting possession of or access to the child is
a parent of a parent of the child and that parent of the child. . . is
dead.
Tex. Fam. Code Ann. §153.433 (Vernon Supp. 2005).
          In their petition to the trial court, the Grandparents stated that “this suit has
nothing to do with any property of the children, but is brought solely for the purpose
of access and visitation with their paternal grandchildren.” The Grandparents served
17 interrogatories on Elizabeth, as follows:
          (1)     Please state your full and complete name, address, telephone number
and social security number.
          (2)     Where [sic] you appointed in any capacity to represent the interest of
any of your children after the death of your husband, David Wood? If
so, please state in what court the application was made and whether or
not a bond was posted and acquired and if so, by whom.
          (3)     Please give the name, address and telephone number of the principal and
sureties on the bond that was filed.
          (4)     Please state the name, address and telephone number of the lawyer(s)
who handled the matter for you.
          (5)     Please state the name, address and telephone number of the person who
made bond and the amount of the bond.
          (6)     As a result of the bond being filed and approved, did you take into your
possession any funds on behalf of yourself or any of your children. [sic]
If so, how much, who did you receive it from and please state the current
location of the money.
          (7)     Did you take an oath when you receive [sic] the appointment and what
did you understand the oath to be?
          (8)     Please state the amount of all life insurance proceeds that you personally
received in your individual capacity on the death of your husband,
David Wood.
          (9)     Please state all sums of money that were to be paid to your children from
life insurance proceeds on the death of your husband, David Wood.
          (10)   Please state where the children’s money currently is and if in an account,
please give the name of the bank, account number and if represented by
investments or CD’s, please state where the money is and what the
investments are.
          (11)   Where [sic] you a plaintiff in a lawsuit surround [sic] the death of your
husband? If so, please state the name, address and telephone number of
your lawyers and the disposition of the lawsuit and if money was
received by you individually and/or on behalf of your children, please
explain what sum(s) was received, [sic] where the money is located.
          (12)   If there was an Ad Litem was appointed [sic] to represent your minor
children, please state his/her name, address and telephone number.
          (13)   Are you currently attempting to sale [sic] or have sold [sic] any real
estate in Grimes County. [sic] If so, are you selling it in your individual
capacity and on behalf of your minor children or in your individual
capacity alone. [sic]
          (14)   Are there monetary accounts or trusts set up for your minor children that
came into being because of funding resulting in the death of your
husband, David Wood. [sic] If so, what financial institution is the money
located in. [sic]
          (15)   If you have an investment counselor or someone that you are working
with regarding the children’s portions of any sums of money they
received or are to receive because of the death of their father, David
Wood, if so [sic], please state his/her name, name of the institution,
address and telephone number.
          (16)   Is any litigation currently pending covering and surround [sic] the death
of your husband, David Wood. [sic] If so, please state the style of the
litigation and where it is pending.
          (17)   What is the last know [sic] name, address and telephone number of Staci
Kitzman. [sic]

          In addition, the Grandparents served 11 requests for production on Elizabeth,
as follows:
          (1)     Please produce all of the records and suit papers regarding any monies
received that belong to your children or in which your children have an
interest that came about as a result of the death of your husband, David
Wood.
          (2)     Please produce all records showing all life insurance policies received
by you in your individually [sic] capacity.
          (3)     Please produce all records showing all life insurance policies received
by you on behalf of your children.
          (4)     Please produce all records showing where the children’s funds are 
                    currently located and the amount of the funds available.
          (5)     Please produce any and orders [sic] in Probate or County Court
authorizing you to receive the children’s money and authorizing you to
make the expenditures on the children’s behalf.
          (6)     Please produce any and all earnest money contracts or deeds.
          (7)     Please produce any and all trust agreements that are in existence for the
children’s benefit.
          (8)     Please produce copies of any and all bank statement [sic] showing
monies on hand that belong to the children.
          (9)     Please produce any and all documents showing investments that you or
anyone else has made on behalf of your children.
          (10)   Please produce any and all inventories of any kind and character you
have filed on behalf of your children in any preceding [sic].
          (11)   Please produce any and all tax returns that have been filed by anyone on
behalf of your children.

          Elizabeth responded to interrogatories 1 and 12 with her name and address and
that of the attorney ad litem in this case, John Fultz. As to interrogatory 17, Elizabeth
objected on the ground that it was in excess of the number of interrogatories
permitted under the Rules of Civil Procedure. See Tex. R. Civ. P. 190. Elizabeth
objected to all remaining interrogatories and all requests for production as being
outside the scope of discovery because the information sought was not relevant to,
nor would it lead to admissible evidence in, the suit filed by the Grandparents for
visitation with the children. The Grandparents moved the trial court to compel
Elizabeth to answer the interrogatories and to produce the documents requested. 
After a hearing, the trial court granted the motion.
          Generally, the scope of discovery is within the discretion of the trial court. In
re CSX Corp., 124 S.W.3d 149, 152 (Tex. 2003). The trial court abuses its discretion
if it orders discovery that exceeds that permitted by the Rules of Civil Procedure. Id. 
Pursuant to the Rules, discovery must be “relevant to the subject matter of the
pending action” even if it would be inadmissible at trial, as long as the “information
sought appears reasonably calculated to lead to the discovery of admissible
evidence.” Tex. R. Civ. P. 192.3; see In re CSX Corp., 124 S.W.3d at 152. In sum,
requested discovery must be “reasonably tailored” to include only relevant matters
and must show “a reasonable expectation of obtaining information” that will assist
in the resolution of the dispute. In re CSX Corp., 124 S.W.3d at 152. 
 
 
          Here, at issue is the Grandparents’ burden with respect to the second prong of
section 153.433. See Tex. Fam. Code Ann. §153.433(2).


 Elizabeth contends that
the only issue in this suit is whether the denial of access will “significantly impair the
child’s physical health or emotional well-being.” See id. Elizabeth contends that the
discovery of financial records is not relevant to whether a denial of access will
significantly impair the children. 
          The Grandparents respond that “the touchstone consideration in grandparent
access suits is required by statute to be the best interest of the child” and thus that
their requests are relevant because
information concerning how [Elizabeth] has handled the grandchildren’s
litigation rights, insurance proceeds, and finances might well reflect on
the best interests of those grandchildren. If the grandchildren’s finances
have suffered reverses, the grandparents may be able to do something
about it. Certainly, it seems sensible to think that this discovery might
lead to admissible evidence.
 
          It appears that the Grandparents are attempting to show that Elizabeth has not
acted in the best interest of the children with regard to financial matters, as they may
reflect on her fitness as a parent. By its plain language, the current version of section
153.433 requires the Grandparents to meet their burden by proving by a
preponderance of the evidence “that denial of possession of or access to the child
would significantly impair the child’s physical health or emotional well-being.” See
id. Nothing in the requested discovery of Elizabeth’s financial records can directly
or indirectly resolve whether the children will be physically or emotionally damaged
if the Grandparents are not permitted to visit the children. See In re CSX Corp., 124
S.W.3d at 152 (requiring that discovery be “reasonably tailored” to include only
relevant matters and to show “a reasonable expectation of obtaining information” that
will assist in the resolution of the dispute).
          A party does not have an adequate remedy by appeal when a discovery order
compels the production of patently irrelevant documents “such that it clearly
constitutes harassment or imposes a burden on the producing party far out of
proportion to any benefit that may obtain to the requesting party.” Walker, 827
S.W.2d at 843. Here, the financial documents that the trial court ordered disclosed
are not only irrelevant, but highly personal and sensitive. See Tilton v. Marshall, 925
S.W.2d 672, 682–83 (Tex. 1996) (explaining that discovery of personal and sensitive
financial documents, such as tax returns, must be scrupulously limited to information
relevant and material to matters in controversy); Hall v. Lawlis, 907 S.W.2d 493,
494–95 (Tex. 1995) (limiting discovery of financial documents to extent that they are
relevant and material); Maresca v. Marks, 362 S.W.2d 299, 301 (Tex. 1962)
(explaining, in the context of unlimited discovery of tax records, that “[a] litigant so
subjected to an invasion of his privacy has a clear legal right to an extraordinary
remedy since there can be no relief on appeal; privacy once broken by the inspection
and copying . . . by an adversary cannot be retrieved.”). 
          In sum, the Grandparents assert that “this suit has nothing to do with any
property of the children.” However, the Grandparents’ discovery focuses solely on
the status of any financial property that may belong to the children. Elizabeth’s
financial records are wholly irrelevant to a determination of whether the children
would be impaired by denial of grandparent access. In addition, the requests for
personal and sensitive financial records impose a burden on the Elizabeth that is out
of proportion to any benefit that may be obtained by the Grandparents in advancing
their suit. Hence, the trial court abused its discretion in ordering answers to the
interrogatories and production of the documents. See Texaco, Inc. v. Sanderson, 898
S.W.2d 813, 815 (Tex. 1995) (concluding that the trial court abused its discretion by
requiring production not limited to matters relevant to resolving the case). 
          Therefore, we conditionally grant mandamus on this point.
Conclusion
           We hold that the trial court abused its discretion in ordering Elizabeth to
respond to discovery requests that are not relevant to the issue before the court and
overly burdensome in relation to any benefit that may be obtained. We therefore
conditionally grant Elizabeth’s petition for writ of mandamus, in part, and direct the
trial court to vacate its December 14, 2005 order compelling Elizabeth to answer the
propounded interrogatories and produce the requested documents. We lift our stay
of proceedings ordered January 18, 2006. We are confident that the trial court will
promptly comply, and our writ will issue only if it does not. 
          As to all remaining issues, Elizabeth has not shown that she is entitled to
mandamus relief, and, therefore, we deny relief without opinion as to those matters.


                                                                  Tim Taft
                                                             Justice

Panel consists of Justices Taft, Higley, and Bland.