Petition for Writ of Mandamus Denied and
Memorandum Opinion filed December 14, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-01186-CV



In Re Jason GonzAleZ,
Relator



 



ORIGINAL
PROCEEDING



WRIT OF MANDAMUS



MEMORANDUM
 OPINION

On December 3, 2010, relator Jason Gonzalez filed a
petition for writ of mandamus in this court.  See Tex. Gov’t Code Ann.
§22.221; see also Tex. R. App. P. 52. In the petition, relator asks this
court to compel the Honorable Sharon McCally, presiding judge of the 334th District
Court of Harris County to withdraw the order signed November 12, 2010, requiring
production of relator’s bank records.

Background

Relator is a defendant in a suit filed by former Fed
Ex Ground route drivers.  Fed Ex Ground terminated the contracts of three route
drivers who worked as independent contractors.  The contracts permitted the
drivers to sell their routes in the event their contracts were terminated.  In
their petition, the plaintiffs alleged that Fed Ex Ground terminated their
contracts and prohibited them from selling their routes.  Relator Jason
Gonzalez is a manager at the Fed Ex Ground terminal where the route drivers
worked.  The plaintiffs alleged that relator accepted “under-the-table”
payments from individuals in exchange for the sale of the drivers’ routes.

In the course of discovery, plaintiffs sought
production of several documents from relator including his “monthly bank
records for the time period January 1, 2008 until present.”  Relator objected
to the request for his bank records on the grounds that the request exceeded
the scope of discovery, violated his privacy rights, and was irrelevant and
harassing.

Mandamus
Standard

Mandamus relief is available only to correct a clear
abuse of discretion for which the relator has no adequate remedy at law.  In
re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135–36 (Tex .2004).  The
scope of discovery is largely within the trial court’s discretion.  In re
Colonial Pipeline Co., 968 S.W.2d 938, 941 (Tex. 1998).  Mandamus is
appropriate if we conclude that privileged documents have been improperly
ordered disclosed by the trial court.  In re Christus Spohn Hosp. Kleberg,
222 S.W.3d 434, 436 (Tex. 2007).  

The general rule in financial records production
cases is that the party attempting to prevent or restrict discovery has the
burden of pleading and proving the basis for the desired limitation.  Peeples
v. Honorable Fourth Supreme Judicial Dist., 701 S.W.2d 635, 637 (Tex. 1985).
 Absent a privilege or specific exception, a party is entitled to discover any
relevant material.  See Tex. R. Civ. P. 192.3.  The party resisting
discovery has the burden to plead and prove any privilege claimed.  See Huie
v. DeShazo, 922 S.W.2d 920, 926 (Tex. 1996); Arkla, Inc. v. Harris,
846 S.W.2d 623, 629 (Tex. App.—Houston [14th Dist.] 1993, no writ).  The trial
court determines whether an in camera inspection is necessary at that point,
and if so, the documents are produced to the court.  See Arkla, 846
S.W.2d at 631.  

Discussion

Relator first argues that mandamus is appropriate
because the trial court abused its discretion in ordering him to produce his
bank records without first performing an in camera examination.  Relator relies
on this court’s opinion in Weilgosz v. Millard, 679 S.W.2d 163, 167
(Tex. App.—Houston [14th Dist.] 1984, orig. proceeding).  In that case, this
court held that certain financial records, including income tax returns, are
subject to review by the trial court before they are ordered produced.  See
Weilgosz, 679 S.W.2d at 167.  This court specifically held, however, that
an individual’s bank records were “clearly not privileged.”  Id.  The
United States Supreme Court has held that there are no constitutional rights to
privacy affected by disclosure of banking records.  See United States v.
Miller, 425 U.S. 435, 442 (1976) (involving the subpoena of banking records
served on a third party); Neely v. Commission for Lawyer Discipline, 302
S.W.3d 331, 341 (Tex. App.—Houston [14th Dist.] 2009, pet. denied).  

Relator has failed to show the trial court abused its
discretion in ordering the production of the bank records without conducting an
in camera hearing.

Relator further argues the trial court abused its
discretion in failing to require the real parties to first show how the
discovery sought was material and relevant.  Discovery may not be used as a
fishing expedition.  In re American Optical, 988 S.W.2d 711, 713 (Tex.
1998).  Requests must be reasonably tailored to include only matters relevant
to the case.  Id.  Relator bears the burden of proving that the real
parties’ request is overbroad.  See Miller v. O’Neill, 775 S.W.2d 56, 59
(Tex. App.—Houston [1st Dist.] 1989, orig. proceeding).  

The real parties’ original petition alleges that
relator arranged for the sale of the drivers’ delivery routes to three
different contractors who were relator’s friends.  The petition further alleges:
“These three individuals made “under the table” payments to [relator] in
exchange for the routes.”  Real parties’ request for relator’s bank records is
relevant to their claim that he received payment in exchange for the sale of
the routes.  Consequently, relator has failed to show the discovery request is
overbroad.  See In re Manion, No. 07-08-0318-CV; 2008 WL 4180294 *3
(Tex. App.—Amarillo Sept. 11, 2008, orig. proceeding) (memo. op.) (bank records
found discoverable when plaintiff alleged defendant misused management position
for financial gain).

Relator has not established entitlement to the
extraordinary relief of a writ of mandamus.  Accordingly, we deny relator’s
petition for writ of mandamus.

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Anderson, Frost, and Brown.