**Dissenting Opinion Filed March 29, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01023-CV

### MICHELLE HERCZEG, Appellant
### V.
### CITY OF DALLAS, TEXAS, Appellee

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-16429**

## DISSENTING OPINION
Opinion by Justice Schenck

The appellant in this case contends that she was the subject of discrimination and retaliation because of her gender by her employer, the City of Dallas. The City filed a plea to the jurisdiction which, according to a helpful chart appended to its brief in this Court, contained a comprehensive matrix of jurisdictional hurdles totaling 34, by my count.[1] I, of course, have no opinion as to whether appellant's claims of discrimination and retaliation would prove viable if they were ultimately permitted to be heard at trial, though I am obliged at this jurisdictional stage to

---

[1] I note that the substantive portion of the plea to the jurisdiction the City of Dallas filed in the trial court contains 67 pages. Various exhibits are attached thereto. The "helpful chart" the City presented to this Court is not appended thereto.

assume so.  Likewise, at this stage, I am uncertain whether the trial court would have jurisdiction to proceed to trial.  While that is the sole issue presented in this appeal, we do not reach it on its merits.

My understanding is that we are generally obliged by rule and mandate of a superior court to answer dispositive questions, such as the one presented here, on the merits despite being confronted with a brief we determine to be deficient in either form or substance.  TEX. R. APP. P. 38.9(b).[2]  In addition, we are clearly directed to provide notice and an opportunity to cure before we affirm or reverse a judgment on the basis of "defects or irregularities" of any kind.  *Id.* 44.3.  That said, it seems equally clear that we may, as a matter of discretion, deem a case "satisfactorily submitted" without affording an opportunity to cure a briefing defect.  *Id.* 38.9(b); *St. John Missionary Baptist Church v. Flakes*, 595 S.W.3d 211 (Tex. 2020) (per curiam); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994).  But where we are exercising discretion to terminate a case without a substantive decision, I believe we should acknowledge that we are exercising that discretion and give a reason why we reach that result.  *Maresca v. Marks*, 362 S.W.2d 299, 301 (Tex. 1962) (court abuses discretion by failing to exercise

---

[2] Rule 38.9(b) provides, "If the court determines, either before or after submission, that the case has not been properly presented in the briefs, or that the law and authorities have not been properly cited in the briefs, the court may postpone submission, require additional briefing, and make any other order necessary for a satisfactory submission of the case."

discretion where it is conferred); TEX. R. APP. P. 47.1 (court's opinion "must . . . address every issue . . . necessary to final disposition").

The majority decision, in my view, reverts to a line of authority that is contrary to the rules of appellate procedure and controlling authority of a superior court, by which this Court had treated the submission of a deficient brief as a terminal "waiver" of the appealed issue. Because these authorities mandated termination of the appeal without regard to its merits or Rules 38.9(b) and 44.3, and without acknowledging the Court's discretion, much less the reason for its exercise, I respectfully dissent.

## I. I Agree That The Brief Is Deficient Under Prior Panel Precedent

My friends in the majority have concluded that this case has not been adequately presented in the briefs so as to permit us to reach a merits disposition. In doing so, the majority suggests that the appellant's brief failed to address the City of Dallas's assertion appellant failed to satisfy the prerequisites to suit because she failed to exhaust the administrative process set forth in Chapter 21 of the Texas Labor Code. I am willing to assume, at this point, that exhaustion and waiver of immunity are "distinct" grounds upon which the City of Dallas sought dismissal of appellant's claims. I also recognize prior panels of this Court have treated jurisdictional appeals as embracing the doctrine of *Malooly*—by which each appeal of a summary judgment order must separately attack each "ground" on which judgment was sought in the trial court with potentially as many as 34 such "grounds"

–3–

in this case, according to the City's chart.[3]  We are constrained by the rule of orderliness to find that this case has not been adequately presented in the briefs.[4]  TEX. R. APP. P. 38.9(b) (providing directives "if the court determines, either before or after submission that the case has not been properly presented in the briefs").  To that extent, I fully agree with the majority.  Where I depart, and the cause for my dissent, is with the majority's treatment of what happens next.

## II.    I Disagree with the Majority's Conclusion that Failure to Address a "Ground" Results in Automatic Waiver

Prior precedent, like *Oliphant*, *Douglas*, and countless others of their era, maintained, despite earlier, contrary Texas Supreme Court authority, that a deficient brief created a "waiver" foreclosing us from considering supplementation, either by an order from the court or on application for rehearing with attempt to cure.  *Douglas v. City of Kemp*, No. 05-14-00475-CV, 2015 WL 3561621, at *3 (Tex. App.—Dallas June 9, 2015, no pet.) (mem. op.); *Oliphant Fin. LLC v. Angiano*, 295 S.W.3d 422, 423 (Tex. App.—Dallas 2009, no pet.).  I believe the supreme court has recently reaffirmed that those cases failed in two important respects.  First, they failed to acknowledge or comport themselves in any substantive way to Texas Rules of Appellate Procedure 38.9(b) and 44.3 and controlling cases applying them.  Those rules require liberal construction of briefing and the rules governing same, and direct

---

[3] *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970).

[4] Under the rule of orderliness, panels of the court lack the ability to reverse each other.  *MobileVision Imaging Servs., L.L.C. v. LifeCare Hosps. of N. Tex., L.P.*, 260 S.W.3d 561, 566 (Tex. App.—Dallas 2008, no pet.).

the court to request additional briefing or enter some other order permitting "a satisfactory submission" of the case. Accordingly, these rules would generally preclude a termination of an appeal without allowing a reasonable time to cure defects or irregularities unless doing so would, for some reason in that particular case, still amount to "a satisfactory submission."

In addition, these older decisions also conflicted with the Texas Supreme Court's decision in *Inpetco*, which should have excised the concept of automatic "waiver" from our lexicon entirely, when it instructed that "briefing requirements" had to be read in conjunction with then rule 83 (now 44.3) that "[a] judgment shall not be affirmed or reversed or an appeal dismissed for defects or irregularities in appellate procedure, either of form or substance, without allowing a reasonable time to correct or amend such defects or irregularities." *Inpetco Inc. v. Tex. Am. Bank* 729 S.W.2d 300 (Tex. 1987) (per curiam). While the supreme court would later clarify in *Fredonia* that we retained "some discretion" to deny an opportunity to cure, it made quite clear that this authority was to be exercised on a case-by-case basis. *Fredonia*, 881 S.W.2d at 284.

In the two decades that followed *Fredonia*, our Court declined to acknowledge this discretion in any case and treated the prospect of a cure as foreclosed by *Malooly* and by the notion that providing notice somehow transcends norms of neutrality. *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970). In defense of those old decisions, all of them were bound by the first

published post-*Inpetco/Fredonia* panel opinion to say this, but all were incorrect and contrary to the rules and the Texas Supreme Court's decisions to the extent they suggest that no notice and opportunity to cure can be afforded to a substantive briefing defect.

Moreover, recently the Texas Supreme Court considered whether courts have the discretion to make (and thus are accountable for) the decision to allow or disallow correction of a brief that is substantively deficient by supplementation or rehearing. *St. John*, 595 S.W.3d 211. Following an en banc decision of this Court that was closely divided on the narrow question of whether that discretion existed, the supreme court granted review and issued its decision in *St. John*. While the opinion did not provide comprehensive guidance on the problem, it clearly directed us back to *Fredonia* and confirmed its holding that "the decision to permit amendment or deem a point waived 'depends on the facts of the case'" and further held "that the court of appeals had authority under Rule 38.9 to request additional briefing." *Id.* at 215–16. In my view, these holding should have been fatal to old cases like *Douglas* and *Oliphant*, cases upon which the majority relies. *See id.* at 215.

I agree that where we have a brief that wholly fails to articulate an issue or cite to law or the record, the filing is inadequate. Nevertheless, under those circumstances we should, and generally do, give the offending party one opportunity

to file a sufficient brief.[5]  Thereafter, if the brief still fails, we can dismiss the appeal or affirm the trial court's judgment.[6]

In the case of a more substantive "*Malooly*" deficiency, the court may also exercise discretion to dismiss a case without reaching the merits and without giving notice and an opportunity to cure, but only *if the panel concludes, per Rule 38.9(b), that the submission at that stage is* "*satisfactory*"; that is to say, we must have reason to believe that the case can be disposed of without affording at least one opportunity to supplement.  When a panel exercises this discretion to terminate an appeal without affording leave, I believe that it should acknowledge that discretion and articulate a reason for doing so.  *See Maresca*, 362 S.W.2d at 201; *Brooks-PHS Heirs, LLC v. Bowerman*, No. 05-18-00356-CV, 2019 WL 1219323, at *3 (Tex. App.—Dallas Mar. 15, 2019, pet. denied) (mem. op.) (quoting *United States v. Campo*, 140 F.3d 415, 419 (2d Cir. 1998) ("refusal to exercise discretion accorded [the court] by law . . . constitutes an error of law")).  Our reasons for doing so may be numerous and

---

[5] When the court's first communication of a briefing deficiency comes in the form of an opinion accompanying its judgment, in my view we have not provided notice or an opportunity to cure.  While we may proceed to judgment without affording that opportunity, that decision requires a conscious exercise of discretion.

[6] Where the brief is not so obviously deficient and makes it to a panel for a decision, and the panel then discovers that the appellant has failed to cite the court to the correct portion of the record or the correct law, the panel may, but is not required to, look at the record and the applicable law.  *See Horton v. Stovall*, 591 S.W.3d 567, 569–70 (Tex. 2019) (per curiam); *B.C. v. Steak N Shake Operations, Inc.*, 613 S.W.3d 338, 343 (Tex. App.—Dallas 2020, no pet.) (Schenck, J., concurring from the court's denial of en banc reconsideration).  In all events, if the party cites the court to page 325 of the record to show that she filed the necessary paperwork to exhaust her administrative remedies, and we do not undertake our own examination to discover the paperwork appears at page 326, if that typographical error is later raised in a motion for rehearing, that error should not be fatal to the motion, despite some of the language in other, like waiver cases.

can be presumably simply stated. We may, for example, think the party is unreasonably gaming or delaying the process, or the record may suggest that supplementation would likely be futile. But whatever our reason for exercising this case-dispositive discretion, we should say what it is. *See* TEX. R. APP. P. 47.1 (opinion must address every issue necessary to disposition).

In my view, what we cannot do is retreat to the suggestion that a non-merits disposition is automatic when a party fails to address a potential basis for the trial court's decision, because it is not. Where, as here, we are exercising discretion, we should acknowledge we are doing so in keeping with the requirement that our opinion explain what was necessary to the final disposition. *Id.* Because the majority fails to do so, I respectfully dissent.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

191023DF.P05