MILNER v. BREWER–MONAGHAN MERCANTILE CO. (No. 1637.)

(Court of Civil Appeals of Texas. Texarkana. June 1, 1916.)

1. MANDAMUS �köm154(4)—RIGHT TO WRIT—OFFICIAL DUTY—PLEADING.

Transfer of stock on the books of a corporation cannot be compelled by mandamus if the petition fails to allege the existence of an official or legal duty on the part of the officers to make the transfer; greater certainty of pleading being required in mandamus than in ordinary cases.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 300, 303; Dec. Dig. �köm154(4).]

2. MANDAMUS �köm187(4) — APPEAL — FUNDAMENTAL ERROR—PLEADING.

Failure of the petition to allege a cause of action for mandamus is fundamental error, and must be noticed by the appellate court.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 431, 432; Dec. Dig. �köm187(4).]

3. MANDAMUS �köm154(4)—TRANSFER OF STOCK—HOW COMPELLED—PLEADING.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1168, providing that transfer of stock shall only be on the books of the corporation in such manner as the by-laws provide, and article 1160, requiring officers to keep a record of all stock transferred, a petition to compel transfer by mandamus is insufficient if it fails to show what the by-laws provide as to transfers.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 300, 303; Dec. Dig. �köm154(4).]

4. CORPORATIONS �köm133 — STOCK — LIENS — ACTIONS—RELIEF.

Where the answer specially pleads lien on stock as defense to action for damages for refusal to transfer it on the corporation books, no affirmative relief foreclosing the lien can be awarded.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 513–520; Dec. Dig. �köm133.]

5. CORPORATIONS �köm131 — STOCK — LIENS — TRANSFER.

In the absence of statute or corporation by-law on the subject, the assignee of corporation stock is entitled to have it transferred on the books, although the corporation has a lien for debt, such transfer subject, however, to the lien.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 490; Dec. Dig. �köm131.]

Appeal from District Court, Navarro County; H. B. Davis, Judge.

Suit by Sandifer Milner against the Brewer-Monaghan Mercantile Company. Judgment for defendant in part, and plaintiff appeals. Affirmed in part, and in part reversed and rendered.

Appellant by his petition alleges that he has suffered damages in the refusal to transfer ten shares of capital stock in his name on the stock books of the appellee company. And the petition also prays as follows:

"And in the alternative plaintiff also prays the court for judgment requiring and compelling the transfer of said ten shares of stock in the Brewer-Monaghan Mercantile Company to plaintiff, by defendants, and requiring and compelling the issuance and delivery to plaintiff of a stock certificate therefor."

---

R. Z. Monaghan was the owner of ten paid-up shares, of the par value of $100 each, of the capital stock of the Brewer-Monaghan Mercantile Company, a corporation; and he, for a valuable consideration, assigned said shares of stock and indorsed the certificate to appellant. At the time of the assignment the said shares were standing in the stock book of the company in the name of Mr. Monaghan as owner. The stock certificate on its face recited that the shares shall be transferable "only on the books of the corporation by the holder thereof in person, or by attorney, upon the surrender of this certificate indorsed." Appellant presented the properly assigned and indorsed stock certificate to the president of the mercantile company and demanded of him a transfer of the said stock upon the stock books of the corporation, but this was refused by the president upon the ground that the mercantile company had and claimed a lien upon the ten shares as against R. Z. Monaghan for an indebtedness due by him to the company. Monaghan owed the corporation before and at the time of the transfer of the stock to appellant a balance upon an open account of $440.10. Appellant had notice before acquisition of the stock that Monaghan was indebted to the corporation. Article 2, § 4, of the by-laws of the corporation provides:

"The corporation shall have a first lien on all shares of its capital stock and upon all dividends declared upon the same for any indebtedness of the respective holders thereof to the corporation."

The judgment of the court is in favor of the defendants respecting the action for damages, and the judgment of the court further adjudicates a lien upon the stock in favor of the mercantile company superior to appellant's rights therein, and further adjudicates as follows:

"It is further ordered and adjudged that R. Z. Monaghan was at and prior to the acquisition by Sandifer Milner of his claim to said stock justly and truly indebted to the Brewer-Monaghan Mercantile Company in the sum of $440.10, and that until said indebtedness is paid in full said defendant corporation is entitled to hold said shares of stock against the plaintiff and all others.

"It is further ordered and adjudged that the plaintiff, Sandifer Milner, be and he is now given a period of 60 days from the date of this judgment in which he can, if he wishes to, pay the aforesaid indebtedness of Monaghan to the Brewer-Monaghan Mercantile Company, and, in the event that the plaintiff does pay said amount to said corporation, then the said defendant, Brewer-Monaghan Mercantile Company, is ordered and directed to transfer said shares of stock evidenced by said certificate from R. Z. Monaghan to the plaintiff, Sandifer Milner. But, in the event that said plaintiff declines and refuses to pay the amount of said debt to the defendant corporation, then it is ordered and adjudged by the court that any right which the plaintiff may have in and to said stock be and the same is forever barred, both in law and equity, and said certificate of stock be and is hereby held for naught in the hands of said plaintiff.

"It is further ordered and adjudged that, in the event the plaintiff, Sandifer Milner, declines to pay off the said debt within the period of time specified, and therefore, under the terms of this decree, becomes barred of his rights to said stock, then and in such event the said Sandifer Milner is ordered and directed to immediately at the end of said 60 days return and file into this court, with the clerk thereof, said certificate of stock sued on and above described; and it is further ordered and adjudged that the lien upon said stock held by said defendant corporation be and the same is hereby foreclosed, and the said Brewer-Monaghan Mercantile Company is authorized to sell said stock at private or public sale, after giving 10 days' notice thereof, by written notice posted in one public place in the town of Streetman, Freestone county, Tex., or in the newspaper published in said town, and apply to the credit of said indebtedness of R. Z. Monaghan to it, and said corporation is authorized and directed, after having sold said stock, to cancel the certificate now held by Sandifer Milner on its books, and issue a new certificate in lieu thereof to the purchaser."

The judgment of the trial court involves the finding of facts that neither Brewer nor the corporation was guilty of conversion, and that appellant did not suffer any damages in the refusal to transfer on the books the stock to him. The record warrants these findings of facts.

Dexter Hamilton, of Corsicana, for appellant. Richard Mays, of Corsicana, for appellee.

LEVY, J. (after stating the facts as above). [1] The case was presented to the trial court in the view, it seems, that plaintiff by his petition was asking to be indemnified in damages for refusal of the corporation to transfer on the books ten shares of stock to him, or, if damages may not be recovered, then, in the alternative, to compel the corporation to transfer on the books the stock to him as owner and to issue to him certificates for the same. Reviewing the pleading, it is concluded there is clearly and fully alleged a cause of action for damages, and such issue was, under the pleading, before the court for trial on the merits. But the right of the plaintiff to maintain in the alternative the action to compel the transfer of stock depends upon whether or not the petition alleges, as a matter of law, a cause of action in that respect. The petition may not be said, it is believed, to be sufficient to predicate the remedy of mandamus to compel the corporation to transfer the stock; for it fails to allege any duty or obligation on the part of either Brewer or the corporation itself to perform the act sought to be enforced. It is quite well settled that, in order to be entitled to the writ of mandamus, the allegations of the petition must show the existence of an official or legal duty on the part of the defendant to perform the act sought to be enforced, and that the duty of performance rests on such defendant. The petition, to be sufficient as against a demurrer, must not only show a right in the plaintiff to have the transfer made, but also a corresponding obligation on the part of the

officer or the private corporation itself. Greater certainty of pleading is required in a petition for mandamus than in ordinary cases. Arberry v. Beavers, 6 Tex. 457, 55 Am. Dec. 791.

[2, 3] Article 1168, Vernon's Sayles' Statutes, provides:

"The stock of any corporation created under this title shall be deemed personal estate, and shall be transferable only on the books of the corporation in such manner as the by-laws may prescribe."

And by article 1160 it is made the duty of directors of the private corporation "to cause a record to be kept of all stock subscribed and transferred." Under the statute the officers of the corporation may only lawfully make transfer on the books of stock as the corporation's "by-laws may prescribe." The petition does not allege, nor is there any evidence showing, what the by-laws of the corporation prescribe respecting the transfers on its book of stock, nor whose duty it was to make such transfers. The failure of the petition to allege a cause of action for mandamus is fundamental error, and must be noticed by the appellate court.

[4] Therefore, according to the pleading of plaintiff, the only issue before the trial court was that of damages. And, properly construing defendant's answer, it "specially pleads" a lien upon and the right to hold the ten shares of stock for a debt due by Monaghan, as a defense to plaintiff's suit, and not, we think, by way of cross-action authorizing affirmative relief. Therefore we conclude that the court was not authorized by any pleading to grant appellee company any affirmative relief, and to do so was erroneous both in respect to decreeing a lien and a decree of foreclosure and sale of the stock.

[5] The court was not in this case authorized to bar appellant of any right to the stock upon failure to pay the debt of Monaghan within 60 days; for there is no statute of the state nor is there any by-law of the mercantile company in evidence providing that no transfer of stock shall be valid or made so long as the owner or holder of such stock shall be liable for any debt due and unpaid to the corporation. Therefore such owner or holder would have the legal right to sell and transfer the stock subject to the corporation's lien thereon, and such transferee would have the same right to have transfer on the books made to him.

As the court was authorized under the pleadings and evidence in this case to render the judgment respecting the action for damages, the judgment in that respect in favor of defendants must be affirmed. But all the other portions of the court's judgment, being fundamentally erroneous, must be reversed and set aside. The setting aside of the judgment respecting foreclosure of lien and order of sale of the shares is under appellant's thirteenth assignment of error. The setting aside of all other parts of the judgment is done by the court as a fundamental error appearing on the record. The costs of appeal will be taxed against appellee mercantile company, and all the costs of the trial court will be paid by the appellant.

Affirmed in part, and reversed and rendered in part.