**NARRO WAREHOUSE, INC., et al., Appellants,**

v.

**Judge Walter M. KELLY, Appellee.**

**No. 1000.**

Court of Civil Appeals of Texas, Corpus Christi.

Nov. 6, 1975.

Rehearing Denied Dec. 9, 1975.

James S. Bates, Bates, Hendrix & Marsh, Edinburg, for appellants.

Oscar B. McInnis, Edinburg, Travis Hiester, McAllen, for appellee.

## OPINION

BISSETT, Justice.

This is an appeal from a judgment of a District Court that dismissed a petition for mandamus against the Judge of a County Court at Law for want of jurisdiction.

Narro Warehouse, Inc. and Sonora B. Narro, defendants in a condemnation suit that was pending in the County Court at Law of Hidalgo County, Texas, filed a peti-

tion for mandamus in the 92nd District Court of Hidalgo County, Texas, against the Judge of the County Court at Law of Hidalgo County, to compel him to disqualify himself from sitting as a judge in the condemnation case because of interest (Count I), and to vacate and set aside a pre-trial order which required Narro Warehouse, Inc. to deliver certified copies of its income tax returns for the years 1972 and 1973 to the State of Texas, plaintiff in the condemnation case (Count II).

The District Court, following a hearing on a plea to the jurisdiction, sustained the plea and dismissed the petition for mandamus. Narro Warehouse, Inc. and Sonora B. Narro have appealed.

Copies of the pleadings in the condemnation case are not in the record. No evidence was introduced at the hearing on the plea to the jurisdiction.

On April 6, 1973, the State of Texas filed a condemnation suit in the County Court at Law of Hidalgo County, Texas, against Narro Warehouse, Inc. and Sonora B. Narro. The suit was docketed as Cause No. CL–6678. The Honorable Walter M. Kelly was and is the judge of that court at all times pertinent to this appeal.

In September 1974, Narro Warehouse, Inc. and Sonora B. Narro brought an action in the United States District Court for the Southern District of Texas, Brownsville Division, which they say was to obtain "certain declaratory action, primarily upon environmental grounds". Judge Kelly, the County Commissioners, the County Judge, the Sheriff, and the County Clerk, all of Hidalgo County, among others, were named as defendants in that action. Travis Hiester, Esq., the attorney who represents the State of Texas in the condemnation case (and in this appeal), filed an answer in the Federal Court action in behalf of Judge Kelly and the Hidalgo County officials and represented them at a hearing, which was held on November 25, 1974. The record is silent as to the present status of the Federal Court action.

Sometime after November 25, 1974, appellants filed a motion in Cause No. CL–6678 that Judge Kelly disqualify himself from sitting in the condemnation case, on the ground that his representation in the Federal Court case by Mr. Hiester "constitutes acceptance of a gift in the nature of services of a distinct monetary value and as such constitutes a valuable gift by a litigant to a judge". Judge Kelly, in the order which he signed on December 26, 1974, refused to disqualify himself, and, in disposing of another motion filed by the State requesting that appellants furnish it with certain documents, ordered that Narro Warehouse, Inc. furnish the State copies of its federal income tax returns "for the years 1972 and 1973, which have been certified by the proper authorities of the Internal Revenue Service".

Appellants then filed a verified petition in the District Court, wherein they sought a writ of mandamus to compel Judge Kelly "to disqualify himself from sitting as a judge in Cause No. CL–6678" (Count I), and "to vacate and set aside the order of December 26, 1974, requiring relators (appellants) herein to provide the State of Texas with certified copies of Federal Income Tax (Returns) for the years 1972 and 1973" (Count II).

Judge Kelly's unverified answer consisted of pleas to the jurisdiction, in abatement, and a general denial; it was signed by the Honorable Oscar B. McInnis, Criminal District Attorney of Hidalgo County. Judge Kelly was represented by Mr. McInnis at the hearing on the plea to the jurisdiction. The issue raised by the plea in abatement was resolved when the State was permitted to intervene in the mandamus action.

■ Since neither Judge Kelly, the defendant, nor the State, the intervenor, filed verified pleadings which denied the allegations contained in appellants' verified petition for mandamus, all allegations of fact contained in the petition must be accepted as true. *Burgemeister v. Anderson*, 113 Tex. 495, 259 S.W. 1078 (1924); *Myers v.*

*Zoning and Planning Commission of City of West University Place*, 521 S.W.2d 322 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.).

 In order to invoke the jurisdiction of a District Court to hear and determine the issues raised in a petition for mandamus, it is incumbent upon the complaining party to state in his petition the necessary facts clearly, fully, and unreservedly, by direct and positive allegations. *Alice National Bank v. Edwards*, 383 S.W.2d 482 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n.r.e.). Statements which are no more than conclusions or opinions are insufficient. *Anderson v. Polk*, 117 Tex. 73, 297 S.W. 219 (1927). It has also been held that the failure of a petition to allege a cause of action for mandamus is fundamental error and must be noticed by the appellate court. *Milner v. Brewer-Monaghan Mercantile Co.*, 188 S.W. 49 (Tex.Civ.App.—Texarkana 1916, no writ).

We first consider the question of whether the record shows that the jurisdiction of the District Court was invoked to hear and determine the issue of the asserted disqualification of Judge Kelly to sit as a judge in Cause No. CL–6678. The only allegation in the petition which relates to that issue is that the judge "is interested in the cause of action as he accepted a gift of monetary value, the services of an attorney on his behalf without fee in a cause of action against him in another court involving litigants presently engaged in active litigation in his own court."

A judge is prohibited by the Constitution and by statute from sitting in a case: "wherein he may be interested"; or where either of the parties is related to him by affinity or consanguinity within such degree as prescribed by law; or when he shall have been counsel in the case. Tex.Const. Art. V, § 11; Tex.Rev.Civ.Stat.Ann. Art. 15 (1969).

 It is a rule of long standing that the interest required for disqualification of a judge is one of *pecuniary* nature at the time of suit. *City of Dallas v. Peacock*, 89 Tex. 58, 33 S.W. 220 (1895); *Taylor v. Williams*, 26 Tex. 583 (1863); *Nueces County Drainage & Conservation District No. 2 v. Bevly*, 519 S.W.2d 938 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.). A pecuniary interest sufficient to disqualify a judge from sitting in a case must be a direct, real and certain interest in the subject matter of that case, which is capable of monetary valuation. *Love v. Wilcox*, 119 Tex. 256, 28 S.W.2d 515 (1930); *Elliott v. Scott*, 119 Tex. 94, 25 S.W.2d 150 (1930); *Hubbard v. Hamilton County*, 113 Tex. 547, 261 S.W. 990 (1924). Moreover, the pecuniary gain or loss to the judge must be an immediate result of the judgment to be rendered in the pending case, and not result remotely, or at some future date, from the general operation of law upon the status fixed by the judgment. *Love v. Wilcox*, supra; *Moody v. City of University Park*, 278 S.W.2d 912 (Tex.Civ.App.—Dallas 1955, writ ref'd n.r.e.); *Wagner v. State*, 217 S.W.2d 463 (Tex.Civ.App.—San Antonio 1948, writ ref'd n.r.e.).

 The allegation that the free legal services rendered by Mr. Hiester to Judge Kelly in the Federal Court action is not an allegation of any direct, real and certain interest in the subject matter of the condemnation suit. There is no allegation that Judge Kelly stands to gain or lose anything of monetary value in the condemnation case because of any such alleged gift. The claim and argument that the acceptance of the free legal services by Judge Kelly amounted to a violation of Canons 3–C and 5–C of the Code of Judicial Conduct which disqualified him from sitting as a judge in the condemnation case is without merit. The contention that the legal services in the Federal Court action constitutes "a gift of monetary value" that disqualifies Judge Kelly because of "interest" in the condemnation case must fail as a matter of law. Count I of the petition for mandamus does not factually allege constitutional or statutory disqualification of Judge Kelly to sit as

a judge in the condemnation case; therefore, the jurisdiction of the District Court to hear and determine the issue of disqualification was never invoked by appellants.

We now turn to the issue involving the order to deliver the income tax returns to the State of Texas in the condemnation case. The State, in its aforesaid motion to require appellants to produce certain documents, alleged: "it is necessary to obtain a copy of the Federal Income Tax Returns of Narro Warehouse, Inc. for the years 1972 and 1973, which have been certified by the proper authority of the Internal Revenue Service . . . ." No facts were alleged in the motion with regard to the relevancy or materiality of the returns to any issue in the condemnation case.

Appellants, in Count II of their petition, alleged that the order requiring disclosure and exposure of information contained in the income tax returns was made "without any facts either pleaded or presented to show the materiality and relevance of information contained in said income tax return(s)," and that there was "an abuse of discretion by Respondent (Judge Kelly) in arbitrarily ordering the income tax return(s) furnished to the Plaintiff (State of Texas) without examining the materiality and relevance of these returns as to the cause of action".

■ Income tax returns are not wholly privileged, but are subject to discovery to the extent of relevancy and materiality to the issues in the main cause, which must be shown by the moving party and determined by the trial judge. *Maresca v. Marks*, 362 S.W.2d 299 (Tex.Sup.1962); *Crane v. Tunks*, 160 Tex. 182, 328 S.W.2d 434 (1959); *Lloyds v. Hale*, 405 S.W.2d 639 (Tex.Civ.App.— Amarillo 1966, writ ref'd n.r.e.).

■ Before a party to a suit may be ordered to turn over a copy of his income tax return to his adversary, the movant should first file a motion in the trial court which clearly alleges facts that show why the information contained in the return is relevant and material to the issues in the

main cause. A mere conclusion is not sufficient. Once such a motion has been filed and presented, it is incumbent upon the trial judge to personally examine the income tax return and determine what information contained therein is relevant and material to the main cause, to separate for protection of privacy the portions thereof which are plainly irrelevant and immaterial to the matters in controversy, and then to order the delivery of those portions, if any, of the returns that are so relevant and material. *Neville v. Brewster*, 163 Tex. 155, 352 S.W.2d 449 (1961); *Crane v. Tunks*, supra; *Maresca v. Marks*, supra

■ A District Court has jurisdiction to issue a writ of mandamus to compel action by a Judge of a County Court at Law to correct a clear abuse of discretion. *Womack v. Berry*, 156 Tex. 44, 291 S.W.2d 677 (1956). Failure of a trial judge to make an examination of an income tax return and a determination of the relevancy and materiality of the information contained therein prior to issuing an order that directs the delivery of the return to the moving party is arbitrary action and a clear abuse of discretion; a litigant so subjected to such an invasion of his privacy has a right to the remedy of mandamus. *Wallace v. Briggs*, 162 Tex. 485, 348 S.W.2d 523 (1961); *Maresca v. Marks*, supra; *Womack v. Berry*, supra.

■ While a District Court cannot control or supervise the exercise of discretion of a Judge of a County Court at Law concerning that court's ruling on the relevancy and materiality of information contained in an income tax return, it can and should, however, afford relief by mandamus when no discretion has been exercised by that court. *Maresca v. Marks*, supra. The procedures established in *Crane*, as clarified in *Maresca*, apply here.

■ In the instant case, the allegations contained in Count I appellants' petition for mandamus to compel the Judge of the County Court at Law to disqualify himself

from sitting as a judge in Cause No. CL–6678, the condemnation case pending in the County Court at Law, are insufficient to invoke the jurisdiction of the District Court to hear and determine the issue of disqualification. The District Court did not err in dismissing Count I of the petition; the judgment in that respect is affirmed. However, the allegations contained in Count II of the petition are sufficient to invoke the jurisdiction of the District Court to hear and determine the issue of whether the order of the County Court at Law which required Narro Warehouse, Inc. to deliver its income tax returns for the years 1972 and 1973 to the State of Texas constituted arbitrary action and a clear abuse of discretion. The District Court erred in dismissing Count II of the petition; the judgment in that respect is reversed and the cause of action relating to the issue raised in that Count is remanded to the District Court for trial. We express no opinion as to how that issue should be decided by the District Court. Costs of this appeal are adjudged, apportioned, and assessed fifty per cent (50%) to appellants and fifty per cent (50%) to appellees.

Affirmed in part and reversed and remanded in part.