**SAN ANTONIO MODELS, INC., Relator,**

v.

**Honorable David PEEPLES, District Judge, Respondent.**

**No. 04–84–00549–CV.**

Court of Appeals of Texas, San Antonio.

Jan. 30, 1985.

Rehearing Denied Feb. 25, 1985.

---

Stewart J. Alexander, San Antonio, for relator.

K. Key Hoffman, Jr., San Antonio, Andrew Cline, Bayne, Snell & Krause, San Antonio, for respondent.

Before CANTU, REEVES and TIJERINA, JJ.

## ON RELATOR'S PETITION FOR WRIT OF MANDAMUS

CANTU, Justice.

Relator brings this action for a writ of mandamus against Honorable David Peeples, District Judge, and Karen L. Harrell, as respondents, to vacate an order entered by Judge Peeples in a discovery proceeding pending in his court.

K. Dianne Carnes instituted suit against Karen L. Harrell, on September 10, 1984, seeking rescission of an agreement between the two and cancellation of a transfer of 1,000 shares of stock to Harrell. Plaintiff's original petition alleged that prior to April 27, 1984, plaintiff was the sole owner and shareholder of San Antonio Models, Incorporated. Being desirous of bringing other people into the corporation, plaintiff met and had discussions with the defendant and Norma G. Klomann in April of 1984. The petition alleged the following agreement between the three women:

1. Plaintiff would sell 1,000 shares of her stock in the corporation to the corporation for the payment of $1,000.00 to plaintiff.

2. Norma G. Klomann would be issued 1,000 shares of stock in the corporation for the payment of $10,000.00 to the corporation.

3. Defendant would be issued 1,000 shares of stock in the corporation in consideration for:

A. Defendant working for the corporation as she was needed; and

B. Defendant giving her line of custom clothing (Carrie Harrell Designs for San Antonio Models, Inc.) to the corporation to be sold through the corporation along with the corporation's cosmetic line and modeling school and agency services.

Plaintiff states in her petition that she signed, on April 27, 1984, a "Deed of Gift" and a "To Whom It May Concern" letter to the corporation evidencing the transfer of 1,000 shares of stock from San Antonio Models, Incorporated, to the defendant. Plaintiff alleges that defendant stopped reporting for work and never provided her custom line of clothing to the corporation. Plaintiff seeks a rescission of the agreement and cancellation of the transfer of stock based on fraud, misrepresentation, and failure of consideration. Defendant filed a general denial on October 26, 1984.

Attached to the petition for writ of mandamus is a letter, dated November 5, 1984, written by Karen L. Harrell, defendant, to the president of San Antonio Models, Incorporated, demanding inspection of the corporation's books pursuant to article 2.44 of the Texas Business Corporation Act. Also attached to the petition is a letter to defendant from the corporation's attorney, dated November 13, 1984, refusing the demand for inspection based on a failure of good faith and a proper and legitimate purpose.

On November 14, 1984, plaintiff filed a notice *duces tecum* of intention to take the

oral deposition of Richard D. Harrell [1] and Karen L. Harrell on November 29, 1984. The defendant filed, on November 26, 1984, her notice of intention to take the oral deposition of plaintiff on November 27, 1984. The notice was directed to K. Dianne Carnes, plaintiff and president of San Antonio Models, Incorporated. Attached to the notice was a subpoena *duces tecum* requesting, among other things, the production of the following items:

Bank account statements, check register, cancelled checks, check stubs, deposit and withdrawal slips and transfer orders of San Antonio Models, Inc. including but not limited to the same records for San Antonio Models School, San Antonio Models Agency, San Antonio Models Cosmetics and any and all enterprises which are a part of San Antonio Models, Inc. from and after March 1, 1984 to and through the present.

All books of account from and including March 1, 1984 to and through the present of San Antonio Models, Inc. as well as of any of the enterprises owned or operated thereby including but not limited to San Antonio Models School, San Antonio Models Agency, and San Antonio Models Cosmetics.

All books of account as well as all records of every kind and character, including memoranda, pertaining and relating to funds of San Antonio Models, Inc. including any of its enterprises utilized or spent by K. Dianne Carnes for her own personal use.

All correspondence, notes, memoranda and any and all other documents of any kind and character pertaining and relating to revenues received by San Antonio Models, Inc. including but not limited to the same records for San Antonio Models School, San Antonio Models Agency, San Antonio Models Cosmetics and any and all enterprises which are a part of San Antonio Models, Inc. and including but not limited to the notebook kept pertaining to San Antonio Models School from and including March 1, 1984 to the present.

All correspondence, notes, memoranda and any and all other documents of any kind and character pertaining and relating to time, monies and other assets expended or contributed by Karen L. Harrell, K. Dianne Carnes and Norma G. Klomann for or to San Antonio Models, Inc. including the same records for San Antonio Models School, San Antonio Models Agency, San Antonio Models Cosmetics and any and all enterprises which are a part of San Antonio Models, Inc. from and including March 1, 1984 to and through the present.

All correspondence, notes, memoranda and any and all other documents of any kind and character pertaining and relating to disbursements in money or assets of every kind and character made by San Antonio Models, Inc. to Karen L. Harrell, K. Dianne Carnes and Norma G. Klomann including but not limited to the same records for San Antonio Models School, San Antonio Models Agency, San Antonio Models Cosmetics and any and all enterprises which are a part of San Antonio Models, Inc. from and including March 1, 1984 to and through the present.

Plaintiff filed a motion to quash defendant's deposition notice for failure to give timely notice and a hearing was set for December 3, 1984. Defendant delivered a response to the motion to quash, along with a motion for attorney's fees, costs and expenses and to compel appearance. An order filed in this case recites that a hearing was held on these motions on December 3, 1984, where evidence and arguments were presented. Plaintiff's motion to quash and defendant's motion for fees, costs and expenses were denied. The motion to compel appearance was continued until December 10, 1984.

---

1. Richard D. Harrell was attorney for the corporation who prepared the necessary paperwork for the issuance of stock to Karen L. Harrell.

The notice *duces tecum* requested all information regarding the agreement for the issuance of stock by the corporation.

Subsequently, on December 7, 1984, K. Dianne Carnes, as plaintiff, filed a motion for protective orders complaining of the above set out items, alleging them to be the business and financial records of a corporation not a party to the lawsuit and that such items were not relevant to the subject matter of the case in that they did not relate to any claims or defenses that were involved in the case, and the items were not reasonably calculated to lead to the discovery of evidence that would be admissible in the case.

An order signed and entered on December 14, 1984, by Judge Carolyn Spears, recites that evidence and arguments were heard on December 10, 1984, on defendant's motion to compel and plaintiff's motion for protective orders. The motion for protective orders was denied and the motion to compel was granted requiring plaintiff to appear and be deposed on December 18, 1984, and to bring with her and produce the matters previously designated for production.

On December 13, 1984, another motion for protective orders was filed, but this time by San Antonio Models, Incorporated, through Norma G. Klomann, an officer and director of the corporation. This motion complained of the same items previously complained of and for the same reasons except that this motion included the charge that the production of these items would be an unreasonable invasion of the corporation's personal, constitutional and property rights. This motion was set for hearing by Judge Spears for December 17, 1984.[2]

An order signed by Judge David Peeples on December 18, 1984, recites that a hearing was held on December 17, 1984, on the corporation's motion for protective orders and that evidence and arguments were heard and that matters of record including pleadings were considered. The court entered the following order:

Movant's motion for protective orders should be denied provided, however, that the production of the documents therein objected to should be limited to documents relating to events on and after March 1, 1984 and it further appearing to the Court and the Court finds that the Order heretofore entered herein[3] compelling K. Dianne Carnes to appear and be deposed should be superseded as to date and time of her appearance at such deposition as hereinafter set forth and it further appearing to the Court and the Court finds that insofar as said corporation is concerned, inspection and copying should be as hereinafter set forth.

It was thereafter ordered that the motion for protective orders filed herein by San Antonio Models, Incorporated be and is hereby denied provided, however, that such documents as are therein objected to, shall be produced only insofar as they relate to events occurring on and after March 1, 1984 and it is further ORDERED that the prior Order entered herein pursuant to Defendant's, Karen L. Harrell, Motion to compel be and is hereby superseded insofar as the time and date of such deposition....

The order then goes on to set the time and date of the deposition.

San Antonio Models, Incorporated seeks, through its application for writ of mandamus, to have Judge Peeples' order vacated based on two arguments:

1) The private business and financial records are immaterial and irrelevant to the dispute between the two shareholders, and it was a clear abuse of discretion for respondent to order that the records are discoverable, and

2) Because of the fact that relator has previously resisted the one shareholder's attempt to inspect its books and records of account on the basis of lack of proper purpose, relator will be denied its right to a jury trial on the issue of proper

---

**2.** The certified copy of the motion sent up with this application for writ of mandamus reveals that a stamped signature of Judge Spears was used on this motion.

**3.** This order is referring back to the order entered by Judge Spears on December 14, 1984, compelling plaintiff to appear and be deposed and produce the items requested.

purpose if relator's books and records of account can be "discovered" by the shareholder at this time.

In support of it's first argument, relator cites to the case of *Maresca v. Marks*, 362 S.W.2d 299 (Tex.1962). In that case, the issue was whether the order of the trial judge requiring disclosure and exposure of information contained in income tax returns which is immaterial and irrelevant to the cause in which discovery is sought is a clear abuse of discretion for correction of which the writ of mandamus may issue. Respondent brought suit against relators for monies owed under an employment contract and for exemplary damages for fraud and deceit. He thereafter sought an order of the trial court requiring relators to produce copies of the personal federal income tax returns of the relators for the years 1960 and 1961. After a hearing on the motion the trial judge ordered the entire income tax returns of all relators submitted to respondent for inspection and copying. The order recites that the trial judge "examined" all the returns

> in order to determine what part of such returns, if any, were material and relevant to this cause ... and thereupon concluded that, pursuant to the motion and pleadings, and matters of record before this court, the entire income tax returns in question constitute material evidence relative to the matters alleged and raised in this cause.

*   *   *   *   *   *

Mandamus proceedings were initiated and copies of the tax returns in question were included in the petition. The Supreme Court found, after examination of these returns, that certain portions were irrelevant to the matters in dispute between the parties as shown in the pleadings.

The Court held that the trial judge abused his discretion in ordering relators to produce for respondent's inspection and copying their entire income tax returns for the years in question, without separation of the relevant and material parts from the irrelevant and immaterial parts thereof. The Court did recognize that a writ of

mandamus cannot be used to supervise the exercise of discretion by a trial judge in his rulings on the relevancy and materiality of information contained in income tax returns. Extraordinary relief can be afforded, however, in the situation where no discretion has been exercised, i.e., when the order of the trial judge does not separate for protection against discovery those portions of income tax returns plainly irrelevant and immaterial to the matters in controversy.

Unlike *Maresca*, the trial judge in the instant case did not examine the documents complained of in the motion for protective orders. Both relator and respondent admitted that the corporation did not tender to the court, either for in camera inspection or otherwise, the documents sought to be protected. We believe that the instant case falls more closely in line with the case of *Crane v. Tunks*, 160 Tex. 182, 328 S.W.2d 434 (1959). In *Crane*, the trial judge's order demanding production of the relator's tax return was vacated by writ of mandamus because he had clearly abused his discretion by ordering production of the return without first inspecting it to determine what portions were relevant and material to the suit. Accordingly, the Supreme Court ordered the judge to inspect the tax returns and make the necessary determination of its relevancy before issuing any further orders concerning the documents.

■ Before a non-party to a suit may be ordered to produce in accordance with Rule 167 of Texas Rules of Civil Procedure a motion must be filed setting forth with specific particularity the request and necessity therefor. TEX.R.CIV.P. 167(4). Once such a motion is filed it is incumbent upon the trial judge to hold a hearing to determine its relevancy and materiality to the main cause. *See Narro Warehouse, Inc. v. Kelly*, 530 S.W.2d 146, 150 (Tex.Civ.App.— Corpus Christi 1975, writ ref'd n.r.e.). Without a personal inspection of the items sought to be discovered, we fail to see how a trial judge can make a meaningful and just determination of relevancy and materi-

ality, and whether, for protection of privacy, certain portions which are plainly irrelevant and immaterial to the matters in controversy ought to be separated.

■ We hold that the failure of the trial judge to make an *in camera* examination of the items complained of through the motion for protective orders prior to issuing an order directing the delivery of such items amounts to arbitrary action and a clear abuse of discretion for which the remedy of mandamus will lie. *See Maresca v. Marks, supra; Crane v. Tunks, supra; Narro Warehouse, Inc. v. Kelly, supra.*

■ Relator's second argument on this writ of mandamus is without merit. Relator argues that because relator previously resisted the shareholder's attempt to inspect its books and records of account on the basis of lack of a proper purpose, relator will be denied its right to a jury trial on the issue of proper purpose if relator's books and records of account can be "discovered" by the shareholder at this time. This is not an action under art. 2.44 of the Texas Business Corporation Act but a discovery action under the Texas Rules of Civil Procedure. Respondent has a right to seek discovery of any information which is relevant and material to the cause of action.

We are certain the trial judge will proceed in accordance with the law as we have set it out herein. No writ of mandamus will issue at this time, but in the event the trial judge should fail to so proceed the clerk will issue the necessary writ to insure that this opinion is effective.