**Lou W. BURTON and Galleria Diplomat Association, Inc., Appellants,**

**v.**

**Jeffrey M. CRAVEY, et al., Appellees.**

**No. 01–88–00270–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 18, 1988.

Rehearing Denied Sept. 8, 1988.

Wade B. Reese, Houston, for appellants.

Lou W. Burton, Houston, pro se.

John K. Grubb, Houston, for appellees.

Before SAM BASS, DUGGAN and LEVY, JJ.

## OPINION

DUGGAN, Justice.

This appeal involves the right to inspect records and books of a condominium association. Appellees, a group of dissident owners, filed a petition for writs of mandamus and injunction because of the appellant Galleria Diplomat Association's board of directors' refusal to allow the inspection of records. In a corrected order dated March 2, 1988, the trial court granted the writ of

---

mandamus, ordering the Association to maintain its books and records at its offices and make these records available for inspection and copying. The trial court also enjoined appellants from interfering with appellees' right to inspect these books and records. The court further ordered the delay of the annual election by the Association's members.

All of the points of error attack the ordered production of records in the possession of appellant Burton, the attorney for the appellant Association. The trial court entered a finding of fact that the Association's Board of Directors hired Burton "to handle numerous matters for the Association and that records of Lou W. Burton relating to Association matters are part of the books and records of the Galleria Diplomat Townhomes Homeowner's Association, Inc. a/k/a the Galleria Diplomat Association, Inc." This finding of fact is not challenged by point of error and is therefore binding on appeal. *Wade v. Anderson*, 602 S.W.2d 347, 349 (Tex.Civ. App.—Beaumont 1980, writ ref'd n.r.e.). The court ordered the production of "all of Lou W. Burton's records and files in any way related to his representation" of the Association.

In their first of three points of error, appellants contend that the trial court erred in ordering the production of Burton's records because the application and proof fail to establish a cause of action or a probable right and a probable injury.

■ Appellants mischaracterize the nature of the trial court proceedings. For example, they argue that appellees have other adequate remedies under Tex.R.Civ. P. 167, 168 and 737 to pursue inspection. This assertion ignores the fact that a writ of mandamus is the proper remedy to enforce the right of inspection. *See* 20 R. Hamilton, *Texas Business Organizations* § 801 (1973). Appellees did not have to establish an independent cause of action; they merely had to establish their statutory right to inspect.

Tex.Prop.Code Ann. § 81.209 (Vernon 1984) provides the following for condominium records:

(a) The administrator or board of administration of a condominium regime or a person appointed by the bylaws of the regime shall keep a detailed written account of the receipts and expenditures related to the building and its administration that specifies the expenses incurred by the regime.

(b) *The accounts and supporting vouchers of a condominium regime shall be made available to the apartment owners for examination on working days at convenient, established, and publicly announced hours.*

(c) The books and records of a condominium regime must comply with good accounting procedures and must be audited at least once each year by an auditor who is not associated with the condominium regime.

(Emphasis added.)

The Texas Non–Profit Corporation Act, Tex.Rev.Civ.Stat.Ann. art. 1396–2.23 (Vernon 1980), additionally provides:

A. Each corporation shall keep correct and complete books and records of account and shall keep minutes of the proceedings of its members, board of directors, and committees having any authority of the board of directors and shall keep at its registered office or principal office in this State a record of the names and addresses of its members entitled to vote.

B. *All books and records of a corporation may be inspected by any member, or his agent or attorney, for any proper purpose at any reasonable time.*

(Emphasis added.)

In their application for writ of mandamus, appellees were attempting to enforce their statutory rights as condominium apartment owners to inspect the "accounts and supporting vouchers of a condominium regime" under Property Code § 81.209, and as corporation members to inspect "all books and records" of a non-profit corporation under article 1396–2.23. The trial court did not err in ordering the production of Burton's records.

Appellants' first point of error is overruled.

Appellants contend in their second point of error that the trial court erred in ordering production of the records and files of the attorney for the condominium association because the order is overly broad, unduly burdensome, and requires the production of irrelevant information.

Appellees sought the production of records that they were statutorily entitled to inspect. Appellants' complaints about the order appear to be an attempt to engraft discovery notions upon the appellees' statutory right of inspection, which is independent of any right of discovery in litigation. *See San Antonio Models, Inc. v. Peeples,* 686 S.W.2d 666 (Tex.App.—San Antonio 1985, orig. proceeding). The right to inspect under article 1396–2.23 encompasses "all books and records." The trial court found that Burton's files and records relating to the Association were the "books and records" of the Association. This finding is not challenged on appeal. This right of condominium owners to inspect the books and records, like the comparable right to inspect granted shareholders in corporations, is limited by the requirement that the inspection be for any "proper purpose." *See* R. Hamilton, *Texas Business Organizations* § 804 (1973); *see also* Annotation, *What Corporate Documents Are Subject to Shareholder's Right to Inspection* 88 A.L.R.3d 663 (1978).

■ Once the trial court found that Burton's files and records relating to the Association were part of the books and records of the Association, appellees were entitled to inspect them for any "proper purpose." Appellants, however, do not contend that the intended inspection is for an improper purpose. There was testimony by appellees that they were concerned about the "substantial" and "inordinate" fees paid to Burton by the Association. Although the parties have presented no cases squarely on point, it would appear that it was the appellant Association's burden of proof to establish the absence of proper purpose. *Uvalde Rock Asphalt Co. v. Loughridge,* 425 S.W.2d 818 (Tex.1968); *Moore v. Rock Creek Oil Corp.,* 59 S.W.2d 815 (Tex. Comm'n App.1933, holding approved); *see also,* 5A Fletcher, *Cyclopedia of the Law of Private Corporations* § 2253.1 (1987). The trial court, however, sustained appellees' objections to appellants' attempted inquiries about ulterior or vindictive motives for the inspection of records. Appellants do not complain about the exclusion of this testimony.

Appellants' second point of error is overruled.

Appellants contend in their third point of error that the trial court erred in granting the production order because it requires the inspection of privileged documents.

Again, we note that appellants are attempting to engraft notions borrowed from Texas discovery practice onto a statutory right to inspect. Article 1396–2.23 contains no limitations on the member's right to inspect as long as the books and records are those of the non-profit corporation and the inspection is for "any proper purpose." The trial court found that Burton's records and files relating to the Association were part of the Association's books and records, and appellants have not contended that the intended inspection is for an improper purpose. The only limitation under article 1396–2.23 is "proper purpose." Appellants have failed to prove that the purpose of the inspection was improper.

■ Moreover, if the attorney-client privilege did apply, we would hold that the trial court did not abuse its discretion in ordering the inspection of Burton's records. The attorney-client privilege is not absolute; appellants' interest in the nondisclosure of communications protected by the privilege would have to be balanced against the inspection rights of the members of the non-profit corporation. *See In re LTV Securities Litigation,* 89 F.R.D. 595, 609–611 (N.D.Tex.1981). Under the facts of this case, the trial court did not abuse its discretion in ordering the inspection of Burton's records.

Appellants' third point of error is overruled.

The judgment is affirmed.