

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

March 27, 1991

Honorable John Whitmire          Opinion No. DM-11
Senate Committee on
 Intergovernmental Relations     Re:  Authority of a commissioners court to set the
Texas State Senate                salary of a county court-at-law judge and to supple-
P. O. Box 12068                   ment the salary of a district judge, and related ques-
Austin, Texas 78711               tions (RQ-4)

Dear Senator Whitmire:

The Senate Committee on Intergovernmental Relations asked the following question.

> Is there a 'constitutional conflict of interest' in the commissioners court's ability to set the salary of a county court at law judge and in setting a supplement to the salary of a district judge when the judges receiving the salary and the supplement are then asked to rule on cases which directly affect the commissioners court?

Chapter 25 of the Government Code provides generally for county courts-at-law, also referred to therein as "statutory county courts." Section 25.0005 provides as follows with respect to the salaries of judges of such courts:

> (a) Subject to any salary requirements otherwise imposed by this chapter for a particular court or county, the commissioners court sets the salary of each statutory county court judge.

> (b) The salary shall be paid in equal monthly installments.

Other provisions in chapter 25 applicable to specific statutory county courts make exceptions to the requirement of section 25.0005(b) that the salaries of statutory county court judges are to be paid in equal monthly installments. *See, e.g., id.* § 25.0302(h) (subsection (b) of section 25.0005 does not apply to a county court-at-law in Caldwell County). However, the provision of subsection (a) of section 25.0005, that the commissioners court sets the salary of such judges, appears to apply generally to all Texas counties.

Chapter 32 of the Government Code provides for additional or supplemental salary to be set, within specified limits, by enumerated commissioners courts for certain district judges serving those counties. *See, e.g., id.* § 32.002 (Andrews County Commissioners Court to pay judge of the 109th Judicial District additional annual salary not to exceed $5000).

The request letter does not cite any particular constitutional provisions as apposite. The only constitutional provision we find that might arguably apply to the issue you present is that in article V, section 11, that "[n]o judge shall sit in any case wherein he may be interested."

The term "interest" in article V, section 11, as interpreted by the courts, has a "special and limited meaning; it refers only to direct pecuniary interests." 1 G. BRADEN, THE CONSTITUTION OF THE STATE OF TEXAS: AN ANNOTATED AND COMPARATIVE ANALYSIS at 423 (1977). A pecuniary interest sufficient to disqualify a judge under article V, section 11, must also be real and certain. Any pecuniary gain or loss to the judge must be an immediate, necessary, and quantifiable result of the judgment to be rendered in the particular case, and not merely a possible or incidental result. *See* Love v. Wilcox, 28 S.W.2d 515 (Tex. 1930) (justice, who was himself a candidate in primary, not disqualified to consider mandamus proceeding by another candidate to have his name printed on primary ballot); Nueces County Drainage & Conservation Dist. No. 2 v. Bevly, 519 S.W.2d 938 (Tex. Civ. App.--Corpus Christi 1975, writ ref'd n.r.e.) (judge's interest as taxpayer in drainage district too remote to disqualify him from hearing action to enjoin district from making certain improvements); Narro Warehouse, Inc. v. Kelly, 530 S.W.2d 146 (Tex. Civ. App.--Corpus Christi 1975, writ ref'd n.r.e.) (judge not disqualified to sit in condemnation case by reason of having accepted free legal services of attorney in another case in federal court in which both judge and litigants in condemnation proceeding were parties).

In our opinion, the Government Code provisions authorizing commissioners courts to set salaries for county court-at-law judges and salary supplements for district judges do not create a "constitutional conflict of interest." The possibility that the judge's actions might be influenced by the fact that the commissioners court sets his salary or supplement is too remote and uncertain to be an "interest" within the meaning of the article V, section 11, prohibition.

## SUMMARY

The statutory provisions for county commissioners courts' setting the salaries of county court-at-law judges and the salary supplements of district court judges do not create a "constitutional conflict of interest."

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

SUSAN GARRISON
Acting Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General